FRUGÉ, Judge.
This is a workmen’s compensation suit brought by Lester Langley against Travelers Insurance Company. The lower court rendered a judgment for the defendant.
Plaintiff was employed as a common laborer on a pipeline job. On September 27, 1962, plaintiff allegedly injured his back when he and other employees were moving •a large pipe. Plaintiff did not receive medical attention immediately. He remained on the job until the following 'October 19, at which time he terminated his employment. On October 23, 1962, plaintiff was examined by a doctor at the request of his attorney. On November 27, 1962, plaintiff was examined by another doctor and thereafter was treated for a back injury. Plaintiff brought suit for workmen’s compensation payments alleging that his back injury resulted from the accident on September 27, 1962.
The trial court held that plaintiff was involved in an accident on September 27, 1962, while on the job but that he sustained no disabling injury and therefore was not entitled to compensation payments.
Plaintiff argues that the trial court erred in holding the plaintiff had sustained no disability and in failing- to allow plaintiff medical expenses incurred for treatment of his back injury.
The trial court found as a fact that plaintiff was in an accident while at work on September 27, 1962. There is ample evidence in the record to support this conclusion. We find no manifest error.
But the trial court also found as a fact that the plaintiff had sustained no disabling injury as a result of the accident. The testimony in the record is conflicting. The record shows that although the accident happened on September 27, plaintiff did not seek medical attention until October 23, after he terminated his employment. There was testimony showing that plaintiff continued to do heavy work for the employer after the accident. However, there is also testimony indicating that the plaintiff was assigned light work after the accident. Two doctors examined plaintiff and their testimony indicated that plaintiff had not sustained a disabling injury from the accident. Another doctor examined him and thereafter treated him for a back injury. Considering this conflicting testimony and viewing the record as a whole we cannot say that the trial judge was manifestly erroneous in concluding that plaintiff did not sustain a disabling injury as a result of the accident on the job. •
Plaintiff contends that the trial court erred in not awarding him medical expenses under LSA-R.S. 23:1203.
The record shows that plaintiff was examined by Dr. Hatchette on October 23, *555 1962. The record indicates that the examination was performed at the request of plaintiff’s attorney for the purpose of preparing plaintiff’s lawsuit. Employers and their insurers are not liable for sums expended for examinations for purposes of litigation. Cummings v. Albert, La.App., 86 So.2d 727, and cases cited therein.
Although there was treatment to plaintiff’s back by Dr. Schneider, the trial court concluded that plaintiff was not suffering from any injury caused by the accident on the job. This conclusion is adequately supported by the record and we find no manifest error in it. Since the injuries treated were not caused by the accident, the employer and the insurer are not liable for these expenses. See Moreau v. Sylvester, La.App., 124 So.2d 387.
For the foregoing reasons the judgment of the district court is affirmed. Plaintiff is assessed costs of this appeal.
Affirmed.