CRAIN, Judge.
This is a workmen’s compensation proceeding filed by the plaintiff-appellee, Barney Edwin Welch, against his employer, Clemons Brothers Lumber Company, Inc., and their insurer, Consolidated Underwriters, defendants-appellants. The trial court returned a judgment in favor of plaintiff against defendants decreeing plaintiff to be totally and temporarily disabled entitling him to compensation at the rate of $49.00 per week for 300 weeks less compensation paid, and further decreeing judgment against the defendant for medical expenses in the amount of $195.00. Plaintiff’s claim for penalties and attorney fees was dismissed along with his claim for wages and attorney fees under LSA-R.S. 23:631. From this judgment defendant-appellants have appealed. Plaintiff-appellee has answered the appeal requesting that this Court award penalty wages and attorneys fees under' LSA-R.S. 23:631 and increase the award for compensation to total and permanent disability.
The plaintiff, Barney Edwin Welch, was admittedly an employee of Clemons Brothers Lumber Company, Inc., on January 12, 1970, the date of the accident. On that date, while operating a chain saw pursuant to his employment, he received a severe cut on the middle finger of his left hand. He was treated by several physicians, but the specialist treating him extensively was Dr. Moss M. Bannerman. Dr. Bannerman treated him from February 26, 1970, until September 28, 1970. In his report dated September 28, 1970, he commented that Mr. Welch had:
“A residual stiffness of the finger amounting to about 20% of its use due to loss of sensation along the outer side of the tip and the stiffness of the distal joint and slight soreness when used.”
He also noted that Mr. Welch complained of a loss of sensation on the side of the finger. The estimated disability of the finger was 20%.
Subsequent to September 28, 1970, the plaintiff attempted to do various types of work in order to earn a living, including jobs requiring the operation of a chain saw. In attempting to operate a chain saw, he finds he has severe difficulty. The injured finger remains distended causing a weakness in his grip on the saw. This creates a dangerous condition because of the finger’s close proximity to the blades of the saw, and the loss of sensation in the finger. The testimony also indicates he is unable to cut wood at the same rate and with the same efficiency as prior to the accident. He also experiences much pain because of the increased strain placed on his hand and the muscles in the lower arm and wrist, as a result of his reduced ability to grip the chain saw.
*81 On April 7, 1971, Dr. Bannerman again examined the plaintiff and in his letter dated April 14, 1971, he states that he has:
“noticed no particular improvement in his finger.”
He also stated that although the healing processes were completed, the finger apparently continued to cause Welch much difficulty when called upon to grip and hold heavy objects such as chain saws. He acknowledged that left as it was, the finger would continue to cause Welch problems and prove a hindrance to him in his particular type employment. Therefore, he recommended amputation of the finger to remove the portion of the finger in which sensation has been lost stating that Welch would rehabilitate greatly after such amputation. He further states that plaintiff may continue to have some pain even after the amputation.
Several lay witnesses were called who testified to the fact that Welch is unable to cut wood as efficiently and at the same rate as before the accident.
The trial court found that plaintiff suffered substantial pain in attempting to perform the tasks required of him in the operation of a chain saw. We do not find this conclusion to be manifestly erroneous. Consequently the legal requirement for a finding of total disability under the Compensation Act is satisfied.
We disagree with the finding of the trial judge that the plaintiff is temporarily totally disabled. This finding was apparently based upon the report of Dr. Bannerman that amputation would afford plaintiff some relief from his problem in handling the chain saw. Specifically, Dr. Bannerman estimated that plaintiff could return to his former employment without pain three to six weeks after amputation of one and one-half joints of the finger. The duration of disability thus depends on when the amputation is performed and the results achieved therefrom. Under these circumstances the correct procedure would be to allow benefits during disability, not to exceed the statutory maximum. Whiddon v. Concrete Pipe Products Company, 78 So.2d 439 (La.App.1955). Defendant is protected by the provisions of LSA-R.S. 23:1331 which allows re-opening of the matter if the incapacity of the employee changes. We specifically refrain from ordering the operation within a fixed period of time since the operation has never been tendered by appellants nor refused by the appellee. Under these circumstances we believe the judgment should be amended to award the plaintiff compensation for total and permanent disability.
The trial court also awarded plaintiff $195.00 for medical services. We find appellants’ argument to be persuasive that the testimony and evidence introduced is not sufficient to show whether the bill stemmed from the finger injury. Therefore, the trial court’s judgment awarding these medical expenses is, only insofar as this bill is concerned, reversed.
Appellee-plaintiff in his answer to the appeal objects to the trial judge’s ruling on the grounds that future medical expenses were not reserved. It is well settled that there is no time limitation imposed for the assertion of a right to medical expenses encountered due to an injury suffered while on the job as long as the medical expenses have not exceeded the statutory maximum. Brown v. Travelers Insurance Company, 247 La. 7, 169 So.2d 540. Under LSA-R.S. 23:1203, the right to claim future medical expenses is always reserved to plaintiff and therefore need not be specifically reserved in the judgment awarding workmen’s compensation benefits. Manuel v. Jennings Lumber Company, 248 So.2d 908 (La.App.1971). The right to medical expenses is separate and distinct from the right to compensation benefits and therefore prescription that bars a claim for compensation benefits does not apply to medical expenses.
Consolidated with his claim for compensation benefits, plaintiff made claim *82 for certain wages which, it was alleged, the defendant-employer had failed to pay him. The trial judge dismissed plaintiff’s claim for these wages and the penalty wages and attorneys fees provided by LSA-R.S. 23 :631 and 23:632 as amended. Although the trial judge did not specify the basis for his judgment, the facts elicited at the trial by the plaintiff to show that the agreed wages had not been paid, were insufficient to sustain his burden of proof under the aforesaid statute.
Judgment reversed in part, amended, and as amended, affirmed.