319 So.2d 826 (1975)
Diane MITCHELL, Plaintiff-Appellee-Appellant,
v.
K-MART ENTERPRISES OF LOUISIANA, INC., Defendant-Appellant-Appellee.
No. 10443.
Court of Appeal of Louisiana, First Circuit.
September 2, 1975.
Frank M. Coates, Jr., Baton Rouge, for defendant-appellant-appellee.
*827 Walter C. Dumas, Baton Rouge, for plaintiff-appellee-appellant.
Before SARTAIN, ELLIS and PICKETT, JJ.
PICKETT, Judge:
This is a workmen's compensation suit. On November 17, 1973, Diane Mitchell sustained injuries while in the course and scope of her employment with the defendant, K-Mart Enterprises of Louisiana, Inc. ("K-Mart"). The occurrence of the accident is not disputed.
The District Court found that plaintiff was able to return to work on December 6, 1973, and awarded compensation benefits accordingly. However, plaintiff continued to incur medical expenses thereafter and the Court also awarded the full stipulated total thereof in the amount of $910.62, with the following statement:
"The Court feels that this is an excessive amount in view of the overall injuries. The Court is satisfied that this treatment flowed from and was a direct result of the accident even though the period of disability was very brief. Under the Workmen's Compensation Law ___ the employer is responsible for all medical bills incurred, even though the person's employee, the plaintiff, has recovered essentially and is able to return to work, so to that extent the Court is satisfied she should be entitled to this amount."
Both parties have appealed. Plaintiff contends that the Trial Court should have found a longer period of disability, in view of the period for which medical expenses were awarded. Both contentions assume that a finding of a person's entitlement to compensation benefits necessitates a finding of entitlement to medical expenses for the same time period, and vice versa. However, as this Court held in Welch v. Clemons Brothers Lumber Company, 262 So.2d 79 (La.App. 1st Cir. 1972), the right to medical expenses is separate and distinct from the right to compensation benefits. In many cases, an injury sustained in a covered accident may necessitate medical services even though the injury may not prevent the employee from returning to his normal duties.
The Court finds, however, that the award of medical expenses must be limited to those shown to have been made necessary by the accident. LSA-R.S. 23:1203 provides in part as follows:
"The employer shall in every case coming under this Chapter, furnish all necessary medical, surgical, hospital services and medicines or any nonmedical treatment recognized by the laws of this state as legal, not to exceed the total sum of twelve thousand five hundred dollars, except in cases of undue and unusual hardship as hereinafter provided, unless the employee refuses to allow them to be furnished by the employer."
As noted hereinabove, the district court reached the general conclusion that the medical expense claimed by plaintiff as recoverable "flowed from and was a direct result of the accident." In the absence of evidence to the contrary, we would agree that plaintiff's own testimony is sufficient to justify the court's conclusion in this case.
However, with respect to one particular instance, the visit to Dr. William M. Moody on January 5, 1974, the evidence is in fact to the contrary. Dr. Moody testified that he examined the plaintiff on six occasions prior to that date for complaints of stiffness and pain in the neck and head. (In plaintiff's accident, she was struck in this area by a falling object.) With respect *828 to the visit of January 5, 1974, Dr. Moody testified as follows:
"She was complaining of some headache at the time and talking to her I could see that she was nervous and upset and I very frankly told her thatasked her if she wasn't nervous and she said, yes, she was, and I said, `I think at this time here that the headache you have is a tension headache due to nerves rather than that from the wreck.'" (Transcript, pp. 30-31.)
* * * * * *
"No, I think this was a tension-type headache at that particular time and which was not due to the accident." (Transcript, p. 33.)
In our opinion this medical testimony shows affirmatively that the expenses incurred on January 5th, 1974, were not made "necessary" by the covered accident and were in fact due to another particular cause. Thus, these expenses are not recoverable under LSA-R.S. 23:1203.
The record does not disclose the amount of medical expenses attributable to this office visit, but it is clear that the defendant is entitled to a credit for this amount against the total of the trial court's judgment.
Accordingly, the judgment appealed from is affirmed, less and except a credit in favor of the defendant for the medical expenses attributable to the office visit of January 5, 1974, to Dr. Moody, which were erroneously included in the aggregate or total award by the trial court.
Appellant and appellee are cast for costs in equal proportions.
Affirmed.