352 So.2d 745 (1977)
Stevie BUTTS et al., Plaintiffs-Appellants,
v.
INSURANCE COMPANY OF NORTH AMERICA, Defendant-Appellee.
No. 6169.
Court of Appeal of Louisiana, Third Circuit.
November 17, 1977.
Rehearing Denied December 14, 1977.
Writ Refused January 30, 1978.
*746 William Henry Sanders, Jena, for plaintiffs-appellants.
Stafford, Randow, O'Neal & Smith by Hodge O'Neal, III, Alexandria, for defendant-appellee.
Before DOMENGEAUX, WATSON and GUIDRY, JJ.
DOMENGEAUX, Judge.
This is a workmen's compensation case arising out of an alleged accident on February 19, 1972, occurring at Garan, Inc., a clothing manufacturer. The suit was against Garan, Inc. and its compensation carrier, Insurance Company of North America. Mrs. Stevie Butts, plaintiff, was standing in line waiting to punch in her time card when someone allegedly pushed her. She stepped on a zipper on the floor and began to fall. In the process of catching herself from falling she claimed to have injured her back.
Mrs. Butts alleges that as a result of this injury she experiences great pain and is unable to lift or pull anything. She states that she cannot even perform normal household chores, let alone engage in gainful employment. Consequently she avers that she is totally and permanently disabled.
Defendant insurer, Insurance Company of North America, paid weekly disability benefits to Mrs. Butts from the time of the accident to the beginning of the trial, as well as certain medical expenses. The weekly payments were based on a 40-hour work week at an hourly rate of $1.60. Mrs. Butts claims that she normally worked overtime and received a slightly higher hourly wage. Therefore, she avers that the weekly benefits were less than required.
Mrs. Butts and her husband[1] brought this suit in forma pauperis demanding the increase in weekly benefits and the maximum amount of $12,500.00 allowable for medical treatment under the compensation act. Trial on the merits was held on April 3, 1975. The trial court determined that Mrs. Butts was not disabled and dismissed her suit, and she has appealed.
The major issue presented to us is whether the trial judge erred in finding that Mrs. Butts was not disabled.
The Supreme Court has issued the test to be used by an appellate court when evaluating factual conclusions of a trial *747 court. In Canter v. Koehring Co., 283 So.2d 716, 724 (La.1973), the court stated that:
"When there is evidence before the trier of fact which, upon its reasonable evaluation of credibility, furnishes a reasonable factual basis for the trial court's finding, on review the appellate court should not disturb this factual finding in the absence of manifest error. Stated another way, the reviewing court must give great weight to factual conclusions of the trier of fact; where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable."
This applies to workmen's compensation cases. Dowden v. Liberty Mutual Insurance Co., 346 So.2d 1311 (La.App. 3rd Cir. 1977). See also Broussard v. Acadia Industries, Inc., 339 So.2d 48 (La.App. 3rd Cir. 1976); Alfred v. Travelers Insurance Company, 322 So.2d 872 (La.App. 3rd Cir. 1975); Cooper v. Harris, 315 So.2d 331 (La.App. 3rd Cir. 1975).
After reviewing the record we have determined that there was a reasonable factual basis from which the trial court could infer that there was no disability. Dr. Daniel M. Kingsley, an orthopedic surgeon, stated that plaintiff complained about numbness on the whole left side of her back in the buttock area going to the pelvis and in the left hip. However, the doctor could find no atrophy of the muscle. Furthermore, he testified that plaintiff walked with a limp but that she limped pushing on the left extremity rather than the right and this was inconsistent with plaintiff's complaints. The doctor stated that he asked her to walk across his examining room with long strides. When plaintiff took long strides there was no limp. Had the limp been genuine it would not have disappeared; it would have been exaggerated. Doctor Kingsley said he marked the area in which plaintiff says there was pain and, when examined later, the areas marked were painless. The doctor finally concluded that there was no orthopedic disability at all and found that plaintiff could work.
Doctor John T. Weiss, another orthopedic surgeon, testified that the areas plaintiff claimed were numb did not correspond to any recognized pattern and, therefore, there was probably no damage to the nerves. He had an electromylogram and bone scan performed on the plaintiff and these tests indicated that there was nothing significantly wrong. He, likewise could find no orthopedic abnormality.
Doctor J. C. Passman, an orthopedic surgeon in Mississippi, also examined Mrs. Butts. He also concluded that from an orthopedic standpoint plaintiff was not disabled and could return to work.
Plaintiff in her brief calls our attention to the deposition of Dr. John McCutchen, a neurologist who examined plaintiff after the trial. It is unclear whether the deposition properly forms a part of the record, but in any event we have reviewed this deposition and feel that it does not alter our ultimate determination. Doctor McCutchen testified that there were two possibilities of organic disease: (1) a bone spur due to traumatic arthritis which could cause pain by irritating the nerve root, or (2) a small intervertebral disc which could cause pain by impinging on the nerve root. He admitted, however, that his diagnosis was merely clinical and required more precise diagnostic tests in terms of further evaluation. He recommended that plaintiff undergo mylography and discography in order to definitely find out what was wrong. Although discography has not been performed on plaintiff, Doctor Weiss ordered an electromylograph and he concluded that plaintiff was not disabled.
We find that the preponderance of the evidence shows that Mrs. Butts was not disabled. The trial court did not err in his evaluation of the evidence.
Plaintiff argues that the weekly benefits she received were lower than they should have been. She received benefits of $41.60 from the time of the accident, February 19, 1972, until a week before the trial, *748 March, 1975.[2] Mr. Joe E. Johns, the representative of the insurer, testified that his company's records stated that plaintiff received an hourly wage of $1.60 and worked a 40-hour week, thus receiving a weekly wage of $64.00. The company paid 65% of the weekly wage in accordance with La.R.S. 23:1221. Plaintiff testified that she made approximately $1.65 per hour and that she worked thirty minutes overtime every day. She also stated that she worked two or three Saturdays out of every month at an overtime rate.
We are unable to grant plaintiff any relief on this point. Although she may have been entitled to increased compensation benefits for a period of time following the accident, we have no way of knowing the point at which she was no longer entitled to benefits. Doctor Weiss stated that he determined from an examination on March 25, 1974, that plaintiff was not disabled. Doctor Kingsley stated that he examined plaintiff on September 21, 1972, and could find no orthopedic disability. Doctor Passman stated he examined plaintiff on March 10, 1972, and he could find no clinical evidence of any injury of a muscle, nerve, or bone nature. He thought that plaintiff may have sustained an acute muscle strain or soft tissue injury at the time of the accident, but that from an orthopedic standpoint she could have worked on the day of his examination.
We have also searched the record for evidence to support the proposition that plaintiff did in fact work overtime and receive a higher rate of pay. The only support we found was the testimony of Mrs. Butts and the fact that the accident occurred on a Saturday. Her testimony can be considered vague on this subject. The company's records, cancelled checks, or Mrs. Butts' check stubs were not introduced. Accordingly, we cannot say that the trial court erred by refusing to grant Mrs. Butts additional compensation for the period in which she received weekly benefits.
Plaintiff argues that the trial court erred in not ordering defendant to pay the medical bills of Doctor John Weiss, Doctor John Jackson, and Doctor Davidson Texada. La.R.S. 23:1203 requires an employer to furnish all necessary medical treatment. At the time of the accident the maximum amount which could be required was $12,500.00.
The right to medical expenses is separate and distinct from the right to compensation. Therefore an employee may recover medical expenses even though there is no recovery for compensation. Mitchell v. K-Mart Enterprises of Louisiana, Inc., 319 So.2d 826 (La.App. 1st Cir. 1975); Welch v. Clemons Brothers Lumber Company, 262 So.2d 79 (La.App. 1st Cir. 1972). However, in order to require an employer or insurer to pay the medical expenses, some form of treatment must occur. Ducote v. Roy O. Martin Industries, Inc., 338 So.2d 1221 (La.App. 3rd Cir. 1976). Employers and their insurers are not liable for medical expenses incurred for purposes of litigation. Caldwell v. Exxon Corporation, 320 So.2d 319 (La.App. 4th Cir. 1975); Langley v. Travelers Insurance Company, 159 So.2d 553 (La.App. 3rd Cir. 1964). We therefore must determine the nature of the medical expenses incurred.
Doctor John Weiss saw the plaintiff on three occasions. The first time was on January 24, 1973, at the request of plaintiff's attorney. This was after suit had been filed. The second visit was on the advice of the doctor. The third visit was at the request of the defendant. Because of the absence of a bill for the last visit, we assume it was paid by defendant. We have been unable to find a bill for the second visit and are unable to determine the amount or nature of the second visit. The bill for the first visit was apparently offered under a proffer of proof. We cannot determine from the record on what basis it was excluded, but we have determined, nevertheless, that the trial court was not in *749 error by failing to order defendant to pay the bill. Doctor Weiss stated that he did not undertake a course of treatment for Mrs. Butts. Furthermore, plaintiff was sent to Doctor Weiss on the recommendation of her attorney after suit was filed. Although this is not conclusive evidence that plaintiff is not entitled to have this medical bill paid, she has failed to show that the expense was for treatment rather than in preparation for litigation.
Plaintiff went to Doctor Jackson on the recommendation of Doctor Weiss at the last visit to Doctor Weiss. Doctor Jackson's report was not filed into the record nor was his deposition taken. A bill from Doctor Jackson for an "office visit" without further specification was offered under a proffer. It appears from Doctor Weiss' testimony that the purpose of the visit was to obtain a neurological opinion of Mrs. Butts' injuries. We do not know if the diagnosis of Doctor Jackson was for treatment or in preparation for litigation. Absent a more complete showing, we similarly cannot find error on the part of the trial judge in not requiring the defendants to pay this expense.
Doctor Texada is a psychiatrist. He examined plaintiff on September 30, 1974. His deposition was offered into evidence and states that plaintiff's pain appeared to be real and that plaintiff appeared to have no psychotic condition. The nature of his testimony indicates that the sole purpose of the examination was to determine if there was a mental basis for plaintiff's complaints or whether there was a traumatic neurosis. Doctor Texada was consulted only once. Plaintiff has failed to show that Doctor Texada's bill was for treatment. The trial court, therefore, did not err in refusing to order defendants to pay this expense.
Finally, appellant suggests that certain medical depositions are not properly in the record. Our review of the record satisfies us that there is no merit to this contention.
For the above reasons we affirm the judgment of the district court. All costs are to be paid by the plaintiff-appellant.
AFFIRMED.
NOTES
[1] The petition avers that the husband joined his wife for the purpose of authorizing her to appear as party plaintiff.
[2] There obviously must have been some disability immediately after the accident. We have been unable to determine, however, why the payments continued for this long a period of time.