355 So.2d 569 (1978)
Ann MILLIGAN, Plaintiff-Appellee,
v.
BAYOU VISTA MANOR, INC. and Houston General Insurance Company, Defendants-Appellants.
No. 6309.
Court of Appeal of Louisiana, Third Circuit.
February 6, 1978.
*571 Gold, Little, Simon, Weems & Bruser by Leo Gold and Eugene J. Sues, Alexandria, for defendants-appellants.
J. Minos Simon and Edward J. Milligan, Jr., Lafayette, for plaintiff-appellee.
Before CULPEPPER, DOMENGEAUX and WATSON, JJ.
DOMENGEAUX, Judge.
This is a workmen's compensation case. Plaintiff, Ann Milligan, sustained an injury to her back on January 15, 1975, when she was attempting to lift a metal bed at Bayou Vista Manor Nursing Home in Avoyelles Parish while employed as a nurse's aide.
The Nursing Home's compensation insurer, Houston General Insurance Company, paid weekly compensation benefits of $58.35 from the time of the accident through February 2, 1977, and medical expenses totalling $1,850.68. Suit was filed against the employer and the insurer after benefits were terminated, alleging permanent and total disability and requesting penalties and attorney's fees.
The trial court found plaintiff to be totally and permanently disabled and awarded weekly compensation benefits of $58.35, medical expenses, and penalties and attorney's fees. Defendants appealed. Plaintiff has answered the appeal requesting an amendment of the judgment to provide for future medical expenses.
Defendants contend on appeal that the reports of three physicians were improperly admitted into evidence and that plaintiff has not established her claim by a preponderance of the evidence. They also contend that the award for penalties and attorney's fees was improper.
The medical evidence in this case consisted of the testimony of Doctor Carl Jory, the treating physician; reports and a deposition of Doctor Daniel M. Kingsley, an orthopedist; and the reports of Drs. J. R. Rivette and John D. Jackson, neurological surgeons, and of Dr. D. A. Gary, an orthopedist. Defendants argue that the reports of these last three physicians constitute hearsay evidence and should not have been admitted. They also argue that Louisiana Revised Statutes 23:1121 and 1122, cited by plaintiff for the proposition that these reports were properly admitted and constitute prima facie evidence of the facts and opinions contained therein, is not applicable to the present case because the procedural requirements set forth in those statutes were not followed.
There may have been substance to appellants' argument; however, after examining the record, we discovered that although defendants' counsel objected to the introduction of the reports of Doctors Rivette and Gary when they were sought to be introduced by plaintiff's counsel individually, no objection was made to the introduction of the insurance company's file in toto as plaintiff's Exhibit No. 18. The reports from these two physicians were included in the insurance company's file and, as such, constitute a part of plaintiff's Exhibit No. 18. Therefore, they are properly in the record.
The report of Doctor Jackson was not included in the insurance company's file. However, we do not feel that the presence of this report was prejudicial to defendants. Although Doctor Jackson reaches a medical conclusion in the report, the report is in the form of a letter merely requesting who will be responsible for the payment of a full report if it is issued. It does not go into detail and we think it was not important to the ultimate resolution of the case. Furthermore, defendants admit in their supplemental brief that it probably was not a significant factor in the decision of the court.
In any event, there is sufficient evidence in the record to sustain the finding of permanent disability without the reports of these three physicians. It was clearly established that plaintiff had no difficulties with her back before the accident, even though she had been employed as a nurse's aide for the preceding eight years. Although there was some indication that plaintiff could have had a pre-existing back *572 ailment, this condition did not cause her pain or prevent her from working. It was also established that plaintiff was never able to return to work after the accident because of the pain in her back. The medical evidence not objected to in this case clearly indicates that plaintiff will not be able to return to work as a nurse's aide. Furthermore, the testimony of Doctor Jory, the treating physician, taken as a whole, indicates that there is a causal connexity between the accident and plaintiff's condition. We stated in Roberson v. Liberty Mutual Insurance Company, 316 So.2d 22, 24-25 (La.App. 3rd Cir. 1975), writ granted 320 So.2d 201 (La.1975), judgment reinstated 321 So.2d 398 (La.App. 3rd Cir. 1975):
"The disability of a workmen's compensation claimant `is presumed to have resulted from an accident, if before the accident the injured person was in good health, but commencing with the accident the symptoms of the disabling condition appear and continuously manifest themselves afterwards, provided that the medical evidence shows there to be a reasonable possibility of causal connection between the accident and the disabling condition.' Bourque v. Monte Christo Drilling Corporation, 221 So.2d 604 (La. App. 3rd Cir. 1969). See also Porter v. Augenstein Construction Company, 280 So.2d 861 (La.App. 3rd Cir. 1973); White v. E. A. Caldwell Contractors, Inc., 276 So.2d 762 (La.App. 3rd Cir. 1973); Freeman v. Standard Materials, Inc., 246 So.2d 258 (La.App. 1st Cir. 1971)."
We also stated in Williams v. Liberty Mutual Insurance Company, 327 So.2d 462, 467 (La.App. 3rd Cir. 1976):
"The plaintiff in a workmen's compensation suit need not prove the exact nature of his disability so long as he can show that he is suffering from such disability to a degree that he is prevented from performing his normal work duties. Wallace v. Spohrer-Pollard Contractors, 76 So.2d 312 (La.App. 2nd Cir. 1954)."
We therefore find that there was sufficient evidence to support the trial court's finding of permanent and total disability.
We reject defendant's argument that the award for penalties and attorney's fees was erroneous. The defendant insurer had in its possession, reports from Doctor Kingsley dated June 16, 1975, May 6, 1976, and October 22, 1976. Houston General discontinued compensation payments on January 31, 1977, basing the discontinuance on the June 16, 1975 report. It waited approximately one and one-half years from the first report before ceasing payments and over two months from the last report. Although they allege administrative error for the delay, this does not seem plausible.
In any event, penalties and attorney's fees can be awarded on another basis.
Plaintiff was sent on several occasions to be examined by Doctor Kingsley. Plaintiff resides in Bunkie; Doctor Kingsley has his office in Alexandria. On all but one occasion travelling expenses were forwarded to plaintiff for the visits to Doctor Kingsley. Despite two letters sent by plaintiff's attorney demanding travel expenses for plaintiff's last visit, payment was never made. The first demand was made on December 10, 1976. As of the filing of suit on March 2, 1977, payment still was not made.
A claimant's travel expenses in seeking medical attention form a part of the medical expenses claim and thus is subject to the statutory penalty provisions provided for by La.R.S. 22:658. Norris v. Southern Casualty Insurance Company, 342 So.2d 874 (La.App. 3rd Cir. 1977); writ denied, 344 So.2d 670 (La.1977); Jack v. Fidelity & Casualty Company of New York, 326 So.2d 584 (La.App. 3rd Cir. 1976), writ denied 330 So.2d 295 (La.1976);Walters v. General Accident & Fire Assurance Corporation, 119 So.2d 550 (La.App. 1st Cir. 1960).
There could be no question in this case that the insurer was responsible for travel expenses because they requested the visit to Doctor Kingsley's office. Non-payment, as shown herein, subjects the insurer to penalties and attorney's fees.
Plaintiff has answered the appeal requesting an amendment of the judgment to include future medical expenses. Future *573 medical expenses should not be included in an award for workmen's compensation benefits. There is no liability for medical expenses until they are incurred. The right to claim medical expenses arising in the future is reserved to the plaintiff and need not specifically be reserved in the judgment. Deshotels v. Fidelity & Casualty Company of New York, 324 So.2d 895 (La. App. 3rd Cir. 1976), writ refused 328 So.2d 376 (La.1976); Reed v. Employers Mutual Liability Insurance Company of Wisconsin, 303 So.2d 506 (La.App. 2nd Cir. 1974); Welch v. Clemons Brothers Lumber Co., Inc., 262 So.2d 79 (La.App. 1st Cir. 1972); Manuel v. Jennings Lumber Company, Inc., 248 So.2d 908 (La.App. 3rd Cir. 1971), application denied, 259 La. 757, 252 So.2d 454 (1971). We therefore reject plaintiff's answer to the appeal.
Defendants have pointed out that the trial court held them liable for the medical expenses incurred in connection with plaintiff's visit to Doctor Jackson. They maintain that this visit was not for evaluation and treatment but was purely in preparation for litigation and, as such, they are not responsible for this expense. We agree. In order to require an employer or insurer to pay a medical expense some form of treatment must occur. Employers and their insurers are not liable for medical expenses incurred in preparation for litigation. Butts v. Insurance Company of North America, 352 So.2d 745 (La.App. 3rd Cir. 1977); Ducote v. Roy O. Martin Industries, Inc., 338 So.2d 1221 (La.App. 3rd Cir. 1976); Caldwell v. Exxon Corporation, 320 So.2d 319 (La.App. 4th Cir. 1975); Langley v. Travelers Insurance Co., 159 So.2d 553 (La. App. 3rd Cir. 1964).
It is apparent that Doctor Jackson was consulted in preparation for litigation and defendants should not be held liable for this expense. The judgment should be amended accordingly.
For the above reasons the judgment of the District Court is amended insofar as it holds defendants liable for the $75.00 medical expense incurred in connection with plaintiff's visit to Doctor Jackson and that item is deleted from the judgment. In all other respects the judgment of the District Court is affirmed. All costs on appeal are assessed against defendants-appellants.
AFFIRMED AS AMENDED.
CULPEPPER, J., concurs in the result.