509 So.2d 720 (1987)
Leola STEVEN, Plaintiff-Appellee,
v.
LIBERTY MUTUAL INSURANCE CO., Defendant-Appellant.
No. 86-564.
Court of Appeal of Louisiana, Third Circuit.
May 13, 1987.
*721 H. Douglas Hunter, of Guglielmo, Opelousas, for defendant-appellant.
Preston N. Aucoin, Ville Platte, for plaintiff-appellee.
Before GUIDRY and FORET, JJ., and CULPEPPER, J. Pro Tem.[*]
WILLIAM A. CULPEPPER, Judge, Retired, Pro Tem.
Plaintiff, Leola Steven, brought suit against the defendant, Liberty Mutual Insurance Company, her former employer's insurer, for worker's compensation benefits for total and permanent disability, plus penalties and attorney's fees. The trial court dismissed plaintiff's suit, but held defendant liable for all of plaintiff's outstanding medical bills to the date of trial. The claim for penalties and attorney's fees was denied. From this judgment, defendant appealed. Plaintiff answered the appeal, requesting additional disability benefits, plus penalties and attorney's fees. Plaintiff also filed a motion to remand this case to the trial court to order psychological and/or psychiatric testing of the plaintiff.
The issues are:
(1) Whether the trial court erred in holding the defendant liable for medical expenses incurred after compensation benefits were terminated;
(2) Whether the trial court erred in denying plaintiff's claim for permanent total disability benefits, plus penalties and attorney's fees; and
(3) Whether plaintiff is entitled to a remand to order psychological and/or psychiatric testing.

FACTS
Plaintiff was employed by Jantzen, Inc. of Eunice, Louisiana as a "hem-sewer." On November 1, 1983, she slipped on a brown, gummy substance on the floor, and sustained an injury to her back. Plaintiff was seven months pregnant at the time of the accident.
Plaintiff was initially examined by Dr. Reginald P. Segar, a general practitioner, who saw her until November 11, 1983. On March 29, 1984, she consulted her family physician, Dr. J.T. Thompson. Dr. Thompson referred her to an orthopedic surgeon, Dr. Frazer Gaar.
Plaintiff's initial complaints were of neck and lower back pain. Dr. Gaar performed a complete diagnostic evaluation, which included a CT scan and an electromyography report, both of which were negative. Dr. Gaar discharged the plaintiff on May 30, 1984, at which time he concluded that there was nothing physically wrong with her. Dr. Gaar sent a report of his findings to Dr. Thompson, which suggested that Dr. Thompson consider psychological evaluation for the plaintiff.
Dr. Thompson saw the plaintiff until June 20, 1984. At that time, he told her he could find nothing wrong and gave her permission to return to work. Defendant, as insurer of Jantzen, Inc., paid compensation benefits and medical expenses until July 17, 1984, which was the date of Dr. Thompson's work release. Plaintiff was terminated from employment on June 20, 1984, and did not reapply for a position.
On January 8, 1985, plaintiff, of her own choice, consulted Dr. Russell Pavich, a general practitioner. Dr. Pavich found nothing specifically wrong but placed her on various pain medications and recommended physical therapy because of her continued complaints of back pain. Plaintiff received physical therapy at the Eunice Physical Therapy and Rehabilitation Center from February 7, 1985 to September 23, 1985.
Plaintiff was involved in an automobile accident on October 6, 1985, in which she *722 sustained injuries that were unrelated to her previous complaints. Dr. Pavich treated the plaintiff until November 21, 1985. At trial, Dr. Pavich testified that he treated the plaintiff "basically on placebo effect," and that her condition and complaints were unrelated to the compensation injury.
The trial court dismissed plaintiff's claim for worker's compensation benefits, but assessed the defendant for all medical bills from the date of the injury to the date of trial.

MEDICAL EXPENSES
Defendant's basic complaint is that the trial court should not have assessed it for the medical expenses in the sum of $526.00 charged by Dr. Pavich and the charges of the Eunice Physical Therapy and Rehabilitation Center, Inc. in the sum of $6,765.00. The plaintiff consulted Dr. Pavich on January 8, 1985, which was approximately seven months after she was released for work and her compensation benefits were terminated. Dr. Pavich examined the plaintiff on several occasions and found nothing which could objectively substantiate her complaints. At trial, he testified that he administered pain medication and recommended physical therapy only as a "placebo."
Under LSA-R.S. 23:1203, the employer has a duty to furnish necessary medical services and treatment to a worker's compensation claimant. This provision reads as follows:
"In every case coming under this Chapter, the employer shall furnish all necessary medical, surgical, and hospital services, and medicines, or any nonmedical treatment recognized by the laws of this state as legal, and shall utilize such state, federal, public, or private facilities as will provide the injured employee with such necessary services. All such services and treatment shall be performed at facilities within the state when available." (Emphasis added.)
In a worker's compensation suit, the plaintiff is required to establish his claim to a reasonable certainty and by a preponderance of the evidence. Ellis v. Rapides Parish School Bd., 419 So.2d 990 (La.App. 3 Cir.1982); Jackson v. International Paper Company, 163 So.2d 362 (La. App. 3 Cir.1964), writ ref'd, 246 La. 591, 165 So.2d 484 (La.1964). The award of medical expenses to a compensation claimant must be limited to those shown to have been made necessary by the accident. Gibson v. Hayes Oilfield Const. Co., 467 So.2d 1304 (La.App. 3 Cir.1985), writ den., 472 So.2d 918 (La.1985); Mitchell v. K-Mart Enterprises of Louisiana, Inc., 319 So.2d 826 (La.App. 1 Cir. 1975). An injured employee is not entitled to recover for additional medical expenses beyond the sum which the employer expends for him where he fails to offer proof to substantiate his claim. Ricks v. Crowell & Spencer Lumber Co., 189 So. 466 (La.App. 1 Cir.1939).
Three of the physicians who examined the plaintiff testified that they found nothing physically wrong with her. The initial examining physician, Dr. Segar, did not testify. Based on inconsistent test results, Dr. Gaar concluded that plaintiff was either being dishonest about her condition or had some sort of hysterical type problem. Dr. Pavich testified that plaintiff's symptoms were totally subjective and that he prescribed pain medication and physical therapy only for a placebo effect. Mitchell, supra.
The trial judge concluded that, since the doctors did not find any disability after termination of benefits on July 17, 1984, the plaintiff had not proved her case, and therefore dismissed her claim for worker's compensation benefits. We find no clear error in this finding. However, we disagree with the portion of the trial court's decision holding defendant liable for all outstanding medical bills.
The plaintiff has not met her burden of showing that the medical expenses incurred after July 17, 1984 were made necessary by the accident.

MOTION TO REMAND
Plaintiff contends that she is entitled to a remand to order psychological and/or psychiatric *723 testing, so that the trial court can determine the extent of her disability.
An appellate court has the right to remand a case to the trial court in the interest of justice. However, this court has determined that where a compensation case has been thoroughly tried, and lengthy evidence has been adduced from numerous witnesses, it is not proper to remand a case for the taking of testimony which would be essentially cumulative. Jackson, supra. The plaintiff has already had ample opportunity to prepare and present her case. This contention is therefore without merit.
For the foregoing reasons, the judgment appealed is affirmed insofar as it dismisses plaintiff's claim for worker's compensation benefits, penalties and attorney's fees. The portion of the judgment holding defendant liable for all outstanding medical bills is reversed and set aside. All costs of this appeal are assessed against the plaintiff-appellee.
AFFIRMED IN PART; REVERSED IN PART.
NOTES
[*] Judge William A. Culpepper, Retired, participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.