LINDSAY, Judge.
This is a worker’s compensation case. The defendants are DSI Transports, Inc., the former employer of the plaintiff, Roy Edward Boyd, and National Union Fire Insurance Company, DSI’s worker’s compensation insurer. The defendants appeal from a trial court judgment ordering the payment of plaintiff’s medical expenses for the removal of his penile prosthesis and the implantation of a different type prosthesis. We affirm the trial court judgment.
FACTS
The plaintiff was formerly employed by DSI Transport, Inc., as a “long haul” truck driver. In July, 1980, during the course and scope of his employment, the plaintiff was involved in a motor vehicle accident in which he suffered severe injuries, including an injury to his back. The plaintiff filed suit against DSI Transports, Inc., and its worker’s compensation insurer, National Union Fire Insurance Company, for worker’s compensation benefits. The plaintiff was successful in his original suit and judgment was rendered on February 13, 1984, ordering the defendants to pay disability benefits. The judgment also directed the defendants to reimburse the plaintiff, or pay on his behalf, all medical expenses necessary for the treatment of his injuries, as well as those necessary medical expenses incurred in the future, pursuant to LSA-R.S. 23:1203.
During the years following the accident, the plaintiff continued to suffer back problems arising from the work related accident. These back problems required surgery, including surgery for a spinal fusion which was performed in 1984. The defendants ultimately paid those medical expenses.
In 1988, the plaintiff filed a rule against the defendants for the payment of medical expenses and for contempt, alleging that as a result of his back injury incurred in the 1980 accident, he had become impotent and was in need of a penile prosthesis. This is a device, surgically implanted into the penis and scrotum, which employs a system of tubes, valves, and saline solution to artificially produce an erection.
Following the filing of the rule, the defendants agreed to pay the plaintiff’s medical expenses for implantation of the penile *911 prosthesis. On November 11, 1988, Dr. Neil Baum of New Orleans performed the implant surgery.
In October, 1989, the plaintiff filed another rule seeking to compel the defendants to pay medical expenses for a second implant surgery. The plaintiff alleged that the prosthesis originally implanted did not function properly and that Dr. Baum recommended removal of the original prosthesis and the implantation of a new prosthesis. The plaintiff also sought penalties and attorney fees for the defendants’ refusal to pay these medical expenses.
In refusing to pay for the second operation, the defendants contended that the original prosthesis was not defective and that it did, in fact, function as intended. The defendants contended that the plaintiff was simply not satisfied with the original prosthesis and wanted to try another model. Under these circumstances, the defendants contended that the second surgical procedure was not medically necessary as contemplated by LSA-R.S. 23:1203 and therefore they should not be required to pay the medical expenses connected with the procedure.
On November 28, 1989, a hearing was held in the trial court. The evidence consisted of the testimony of the plaintiff and his wife, plus Dr. Baum’s deposition.
The plaintiff testified that the implant never functioned properly and that at the time of the hearing, the prosthesis was not functioning at all. The plaintiff testified in essence he thought that there was a mechanical problem with the prosthesis causing it to malfunction. He testified that his impotence had not been resolved.
The plaintiff’s wife testified that, due to the plaintiff’s injury, they had been unable to engage in sexual intercourse since the accident in 1980. The plaintiffs wife testified that the implant did not function at all and had not relieved the plaintiff’s impotence.
In reviewing Dr. Baum’s deposition, the trial court concluded that the plaintiff’s impotence was a physical problem and constituted a disability resulting from the work related accident. The court noted that at the time of the original implant, the plaintiff had not been given a choice as to the type of prosthesis to be used. The court noted that the plaintiff testified that the original prosthesis had not alleviated his impotence and this factor was corroborated by the plaintiffs wife. The court found that because the original operation did not remedy the plaintiffs problem, he was entitled to a second penile implant operation.
Accordingly, the court held that the defendants were liable for all costs and expenses related to this second implant procedure. However, the trial court denied the plaintiff’s claim for penalties and attorney fees.
The defendants appealed, contending that the trial court erred in finding that the original prosthesis did not function properly. The defendants also contend that the trial court erred in finding that a second penile implant operation was medically necessary, thus requiring the defendants to pay medical expenses for the operation.
DISCUSSION
The defendants acknowledged that the plaintiff suffered a work related injury in 1980 which resulted in his impotence and acknowledged that they agreed to pay for the original implant operation. However, they now contend that the original prosthesis functions as intended and therefore they should not be taxed with medical expenses for a second implant operation.
Under LSA-R.S. 23:1203(A), an employer is liable for medical expenses made necessary by a work related injury. That statute provides:
A. In every case coming under this Chapter, the employer shall furnish all necessary, medical and hospital services and medicines or any nonmedical treatment recognized by the laws of this state as legal, and shall utilize such state, federal, public and private facilities as will provide the injured employee with such necessary services. All such services and treatment shall be performed at facilities within the state when available.
*912 In a worker’s compensation suit, the plaintiff has the burden of proving his claim to a reasonable certainty by a preponderance of the evidence. Steven v. Liberty Mutual Insurance Company, 509 So.2d 720 (La.App. 3d Cir.1987). In order to justify an award of medical expenses, the expenses must be the result of a work related injury and the plaintiff must establish his claim for medical benefits and show their relation to the work accident to a reasonable certainty and by a preponderance of the evidence. Charles v. Aetna Casualty and Surety Company, 525 So.2d 1272 (La.App. 3d Cir.1988), writ denied 531 So.2d 480 (La.1988); Tassin v. New Orleans Delivery Service, 550 So.2d 1214 (La.App. 5th Cir.1989).
The award of medical expenses to a compensation claimant must be limited to those shown to have been made necessary by the accident. Steven v. Liberty Mutual Insurance Company, supra; City of Baton Rouge v. Noble, 535 So.2d 467 (La.App. 1st Cir.1988).
In the present case, it is clear that the plaintiffs impotence was directly related to the accident in which his back was injured. The defendants agreed to pay medical expenses for the first penile implant procedure. The question in this case is whether the plaintiff proved that a second implant procedure is “medically necessary” under LSA-R.S. 23:1203.
The plaintiff and his spouse testified that the original implant never functioned properly and never produced sufficient rigidity for intercourse. The defendants contend that the plaintiffs treating physician stated that there was nothing mechanically wrong with the implant, and therefore, the defendants cannot now be called upon to pay for a second surgical procedure.
Dr. Baum, in his deposition, acknowledged that when he saw the plaintiff in a follow-up visit following implant surgery, the plaintiff stated that the implant was not functioning. Dr. Baum testified that at the time of the first implant surgery, he chose a prosthesis which he thought would relieve plaintiffs impotency. However, the prosthesis the plaintiff originally received does not contain as much saline solution as some other types and therefore the erection produced is less rigid. Dr. Baum suggested the removal of the implant and the insertion of a different type prosthesis which would achieve a greater degree of rigidity.
The trial court, in ruling that the defendants must pay the plaintiffs expenses for a second procedure, made a credibility determination that the testimony of the plaintiff and his wife was truthful. Both spouses testified that the original implant failed to remedy the plaintiffs impotence and therefore did not alleviate the plaintiffs disability. Their testimony, as to the function of the prosthesis, was corroborated by the testimony of Dr. Baum.
The reviewing court must give great weight to the factual conclusions regarding disability, arrived at by the trier of fact. Martin v. H.B. Zachry, 424 So.2d 1002 (La.1982). Where there is conflict in testimony, reasonable credibility calls and factual inferences should not be disturbed on review. Duncan v. State, DOTD, 556 So.2d 881 (La.App. 2d Cir.1990).
In Rosell v. ESCO, 549 So.2d 840 (La.1989), the Supreme Court reiterated that a reviewing court may overturn a factual finding grounded on a credibility call if the objective evidence so contradicts the witness’s story or the story itself is so internally inconsistent or implausible on its face that a reasonable fact finder would not credit it. Absent such factors, however, a finding of fact based upon the fact finder’s decision to believe the testimony of one of two or more witnesses can virtually never be clearly wrong or manifestly erroneous. See Rosell v. ESCO, supra, as cited in Duncan v. State, DOTD, supra.
In the present case, the trial court’s determination that a second implant operation was necessary was partially based on a credibility call. After examining the evidence in this record, we cannot say that this credibility determination by the trial court was unreasonable. The finding by the trial court is supported by the testimony of the plaintiff and his wife. In addi *913 tion, Dr. Baum’s deposition shows that even though there may not be a mechanical defect in the prosthesis, the device does not function satisfactorily and therefore has not resolved the plaintiffs disability. Dr. Baum’s deposition supports the plaintiff’s position, rather than contradicting it as argued by the defendants. It is immaterial whether there was a mechanical defect in the prosthesis or whether the prosthesis was simply not the right type for this plaintiff; the result is the same. The original device has not alleviated the plaintiff’s impotence and disability.
The evidence is clear that the plaintiff suffered a work-related injury which caused his disability and the first surgical procedure did not eliminate that disability. Therefore, a second procedure is medically necessary under LSA-R.S. 23:1203. The trial court’s finding will not be disturbed upon review.
CONCLUSION
For the reasons stated above, we affirm the trial court judgment in favor, of the plaintiff, Roy Edward Boyd, ordering the defendants, DSI Transports, Inc., and its worker’s compensation insurer, National Union Fire Insurance Company, to furnish medical expenses for the plaintiff’s second operation to implant a penile prosthesis. All costs in this court and in the court below are assessed to the defendants.
AFFIRMED.