|2LeBLANC, Judge.
This appeal is from a decision of the Office of Workers’ Compensation granting plaintiffs motion for a protective order but denying plaintiffs motions for purchase of a treadmill, penalties and attorney’s fees, and for a new trial. For the following reasons, we affirm.
FACTS
On September 17, 1990, Oswald Pearl, plaintiff, injured his back at work when he attempted to start a lawnmower by pulling repeatedly on the starter rope. At that time, Mr. Pearl, was employed by the East Baton Rouge Parish School Board. Mr. Pearl subsequently filed a claim for benefits with the Office of Workers’ Compensation and, after a trial on the merits, judgment was rendered on August 27, 1993, awarding supplemental earnings benefits to Mr. Pearl and ordering the School Board to pay a penalty for the arbitrary and capricious refusal to pay plaintiffs medical bills. Both Mr. Pearl and the School Board appealed that judgment, which was affirmed by this court. Pearl v. East Baton Rouge Parish School Board, 95-0088 (La.App. 1st Cir. 10/6/95) 662 So.2d 879.
On August 25, 1993, the School Board scheduled and took the deposition of Dr. Bernard Manale, plaintiffs treating physician, concerning Mr. Pearl’s disability status. Based on an exchange which took place during the deposition, counsel for Mr. Pearl suspected contact was being made between the School Board, or its representatives, and Dr. Manale, without Mr. Pearl’s knowledge or consent. Subsequently, counsel for Mr. Pearl filed a motion for a protective order, seeking to enjoin the School Board and its representatives from communicating with or contacting Dr. Manale and for attorney’s fees. Mr. Pearl also filed a motion requesting payment by the School Board for an in-home treadmill and for penalties and attorney’s fees.
Administrative Hearing Officer Norbert C. Rayford made an oral ruling on the record following a hearing on December 20, 1993, denying plaintiffs request for an in-home treadmill and taking funder advisement the motion for a protective order. No written decision was issued. On November 11,1994, Administrative Hearing Officer Aimee Johnson held a hearing in this matter. Hearing Officer Johnson restated for the record the prior denial of plaintiffs motion for an in-home treadmill and after argument, granted plaintiffs motion for a protective order. Plaintiffs motions for penalties and attorney’s fees and for a new trial as to the in-home treadmill were denied. These rulings were reduced to judgment and plaintiff has appealed.
The issues raised by plaintiffs appeal are: (1) the granting of plaintiffs motion for a protective order; (2) the denial of plaintiffs motion for a new trial; (3) the denial of plaintiffs request for an in-home treadmill; and (4) the denial of penalties and attorney’s fees.
PROTECTIVE ORDER
In his brief, plaintiff argues the granting of the protective order which he requested should now be reversed as it “violate[s] Oswald Pearl’s rights”. Plaintiff asserts in brief the Hearing Officer did not follow the requirements of La.R.S. 23:1127 and the Hearing Officer erred in granting a protective order which allowed the employer to contact the physician to discuss plaintiffs treatment. Plaintiff also asserts it was error *171 to order the parties’ attorneys “to provide the other with copies of their correspondence with this doctor”.
The protective order which was issued by the Hearing Officer states:
Defendant is to advise the plaintiff of any future contacts with plaintiffs treating physician, Dr. Manale, and both parties are to provide the other with copies of their correspondence with this doctor.
La.R.S. 23:1127 provides, in pertinent part:
A. In any claim for compensation, a health care provider who has at any time treated the employee shall release any requested medical information and records relative to the employee’s injury, to the employee, employer, or its worker’s compensation insurer or the agent or representative of the employee, employer, or its worker’s compensation insurer....
|4B. Any medical information released pursuant to this Section shall be released in writing and a copy shall be furnished to the employee at no cost to him simultaneously with it being furnished to the employer or its insurer.
The language of the protective order which the Hearing Officer issued complies with the statutory requirements and adequately meets the request made to the Hearing Officer by the plaintiff. Moreover, the protective order provides additional protection for Mr. Oswald. In addition to the statutory requirement to provide plaintiff with a written copy of any released medical information, the protective order requires defendant to notify plaintiff of any contact and provide a copy of any correspondence between defendant and Dr. Manale. These additional safeguards provide plaintiff with ample protection from any invasion of privacy. This issue is without merit.
NEW TRIAL
Next, plaintiff argues the Hearing Officer erred in denying his motion for a new trial. Plaintiff sought a new trial limited to the introduction into evidence of the January 18, 1994 deposition of Dr. Manale. Rule 2155 of the Hearing Rules of the Department of Labor, Office of Workers’ Compensation, promulgated in accordance with La.R.S. 23:1310.1, provides, “Ño motion for new trial will be entertained”. The Hearing Officer correctly denied plaintiffs motion for a new trial.
Counsel for plaintiff asserts in brief the motion was incorrectly titled; the motion should have been titled a motion for rehearing, and is therefore available. However, plaintiff does not seek a rehearing of the evidence before the Hearing Officer on December 20, 1993, but seeks a new trial with the introduction of new evidence, the January 18, 1994 deposition of Dr. Manale’s, unavailable when Hearing Officer Rayford denied plaintiffs motion on December 20, 1993. This issue is without merit.
| sIN-HOME TREADMILL
Next, plaintiff asserts the Hearing Officer erred in denying his request for an in-home treadmill for his use. Plaintiff argues an in-home treadmill is necessary for his treatment.
An employer must furnish all necessary drugs, supplies, hospital care and services, medical and surgical treatment, and any nonmedical treatment recognized by the laws of this state. La.R.S. 23:1203(A). In a worker’s compensation suit, the award of medical expenses are limited to those shown to have been made necessary by the accident. Steven v. Liberty Mut. Ins. Co., 509 So.2d 720, 722 (La.App. 3rd Cir.1987). The manifest error standard of review is applicable to the factual determinations of an Administrative Hearing Officer in worker’s compensation proceedings. Kennedy v. Security Indus. Ins. Co., 623 So.2d 174, 175 (La.App. 1st Cir.), writ denied, 629 So.2d 389 (1993).
In the instant case, the Hearing Officer denied plaintiffs request for an in-home treadmill. There is no evidence in the record to support this expense as “necessary”. A membership to the YMCA, where treadmills were available for Mr. Pearl to use, was purchased by the School Board for Mr. Pearl. Although Dr. Manale stated an in-home treadmill would be “useful and more convenient”, an in-home treadmill was not absolutely necessary. An employer is not *172 responsible for treatment which is merely more convenient. Mr. Pearl failed to prove the necessity of an in-home treadmill. This issue is without merit.
PENALTIES AND ATTORNEY’S FEES
Lastly, plaintiff asserts the Hearing Officer erred in failing to award penalties and attorney’s fees because of defendant’s arbitrary refusal to pay for a treadmill. The record in the instant ease fads to establish the necessity for an in-home treadmill. The refusal by the School Board to provide one for Mr. Pearl was not arbitrary. The Hearing Officer did not err in failing to award penalties and attorney’s fees. This issue is without merit.
^CONCLUSION
Accordingly, for the above reasons, the judgment from the Office of Workers’ Compensation is affirmed. Costs of this appeal to be borne by Oswald Pearl.
AFFIRMED.