LEAR, Judge.
This is a workmen’s compensation suit involving only the issue of whether the plaintiff proved disability by a preponderance of the evidence.
The record indicates that on or about January 20, 1978, plaintiff was riding in a truck owned by his employer. He was seated on a board between the seats when the truck hit a bump at a railroad crossing, causing plaintiff to fall backwards, allegedly injuring his back.
The defendant paid compensation for twelve weeks and then terminated it. On January 19, 1979, plaintiff filed suit, asking for benefits for total and permanent disability, penalties and attorney’s fees. The court denied recovery. We agree.
Plaintiff complained of back injuries and was seen by a doctor at the employer’s request. This doctor referred, him to Dr. Cenac, an orthopedic surgeon. After conservative treatment, and a negative lumbar myelogram, Dr. Cenac, on May 1, 1978, discharged the plaintiff to return to his former occupation, assigning no disability. Thereafter, he was examined by several other orthopedic surgeons,[1] none of whom could find any positive evidence of disability. An electromyographic study and x-rays revealed no positive findings.
In a written opinion, the trial court stated:
“It cannot be said that Smith did not have the benefit of expert medical opinion. He has been examined by no less than four orthopedic surgeons over the period of the last two and one-half years. None of these doctors were able to find any organic reason for Mr. Smith’s continued complaints of pain.”
Although procedural rules are liberally construed in complaint’s favor in workmen’s compensation cases, claimant still bears the burden of proving his case by a preponderance of the evidence, as in other civil cases. Prim v. City of Shreveport, 294 So.2d 421 (La.1974); Johnson v. Ascension Parish School Board, 342 So.2d 1139 (La. App. 1 Cir. 1977).
The judge further noted that Smith was an outpatient at the Terrebonne Men *622 tal Health Clinic and found this fact was significant as a possible explanation for his chronic complaints. It is also significant to note that Smith worked for about a year doing similar work for another employer after the alleged injury.
For the above reasons, the judgment of the trial court is affirmed; plaintiff is to pay all costs.
AFFIRMED.

. Doctors Dexter Gary, Gary T. Guidry, Claude S. Williams and Pete H. Rhymes.