440 So.2d 1385 (1983)
Raymond JOHNSON, Plaintiff-Appellee,
v.
INSURANCE COMPANY OF NORTH AMERICA and Louisiana Seed Company, Inc., et al., Defendants-Appellants.
No. 83-206.
Court of Appeal of Louisiana, Third Circuit.
November 21, 1983.
*1386 Provosty, Sadler & deLaunay, Albin A. Provosty, Alexandria, for defendants-appellants.
Ford & Nugent, Howard N. Nugent, Jr., Alexandria, for plaintiff-appellee.
Before DOMENGEAUX, GUIDRY, FORET, CUTRER and DOUCET, JJ.
GUIDRY, Judge.
The plaintiff, Raymond Johnson, brought this workmen's compensation suit seeking *1387 benefits for total and permanent disability as well as statutory penalties and attorney's fees. The defendants are his employer, Louisiana Seed Company, and its workmen's compensation insurer, Insurance Company of North America. The trial court found that the plaintiff was totally disabled at the time of trial, awarding benefits at the maximum rate "until plaintiff is no longer disabled under the provisions of the Louisiana Workmans (sic) Compensation Act." The plaintiff's demand for penalties and attorney's fees was denied. The defendants appeal. The plaintiff answers the appeal, re-urging his demand for penalties and attorney's fees.
The issues presented by this appeal are (1) the correctness of the trial court's finding that the plaintiff was disabled at the time of trial; and, (2) whether the defendant was arbitrary and capricious in terminating the plaintiff's benefits, and thus liable for penalties and attorney's fees.

FACTS
The plaintiff was employed by Louisiana Seed as a forklift operator. On July 23, 1981, the clutch on the forklift being operated by the plaintiff became stuck. While he attempted to correct the situation, the plaintiff's ankle was pinned between the forklift and a wall. As a result of the accident, the plaintiff suffered a fracture of the right tibia, along with multiple abrasions of the leg and ankle. The plaintiff was hospitalized and placed under the care of Dr. Douglas Gamburg, an orthopaedic surgeon. The plaintiff was discharged from the hospital on July 28, 1981, after which he continued to see Dr. Gamburg. On November 23, 1981, Dr. Gamburg suggested that the plaintiff return to light duty work. Dr. Gamburg saw the plaintiff for the last time on January 8, 1982. In a letter sent on that date to the defendant, Louisiana Seed, Dr. Gamburg stated that the plaintiff had reached maximum medical recovery with no permanent functional impairment, and that the plaintiff was capable of returning to the work he was engaged in before the injury.
On February 10, 1982, the plaintiff was examined by Dr. Thomas C. Laborde, who specializes in physical medicine and rehabilitation. The plaintiff complained at that time of pain in his right ankle and in the right leg above the ankle. In his report, Dr. Laborde stated that while the plaintiff complained of pain, the pain he described was not severe. Dr. Laborde concluded that the pain was related to residual inflammation and fibrosis as well as muscular deconditioning. He recommended a program of vigorous exercise with a physical therapist to stretch and recondition the muscles in the plaintiff's right leg. Dr. Laborde anticipated no residual physical impairment and/or disability. The plaintiff underwent a program of physical therapy beginning June 23, 1982 and ending with his final visit on July 22, 1982.
The plaintiff received benefits for temporary total disability from the date of the accident until January 8, 1982, the date of Dr. Gamburg's final report. All benefits were terminated on the basis of this report. This suit was filed on May 4, 1982, and tried on November 5, 1982.

DISABILITY
We first consider the correctness of the trial court's determination that the plaintiff was totally disabled at the time of trial. The trial court based its determination on a finding that the plaintiff was unable to return to work without suffering substantial pain.
A worker who is unable to maintain gainful employment without suffering substantial pain is entitled to compensation benefits for total disability. Wilson v. Ebasco Services, Inc., 393 So.2d 1248 (La. 1981); Lattin v. HICA Corporation, 395 So.2d 690 (La.1981). A claimant is not disabled solely if he experiences some residual pain and discomfort upon attempting to work. In order for a claimant to be considered *1388 disabled due to pain, the pain accompanying routine physical tasks and attempts to return to work must be substantial, serious, intense and/or severe. Culp v. Belden Corporation, 432 So.2d 847 (La. 1983).
The claimant bears the burden of proving to a legal certainty and by a reasonable preponderance of the evidence that he is disabled. Whether the claimant has met this burden must be determined by an examination of the entirety of the evidence, including both medical and lay testimony. Augustine v. Courtney Construction Company of Alexandria, Inc., 405 So.2d 579 (La. App. 3rd Cir.1981), writ. denied, 407 So.2d 735 (La.1981); Miller v. Electrical and Pneumatic Services, Inc., 434 So.2d 602 (La. App. 3rd Cir.1983).
On appellate review, the factual findings of the trial court concerning disability are entitled to great weight, and will not be disturbed unless clearly wrong. Culp v. Belden Corporation, supra; Crump v. Hartford Accident and Indemnity, 367 So.2d 300 (La.1979). In the instant case, our careful review of the record convinces us that the trial judge committed clear error in finding the plaintiff totally disabled at the time of trial.
The medical evidence consisted of the medical reports and depositions of Dr. Gamburg and Dr. Laborde, and the deposition of the physical therapist who worked with the plaintiff, Eugene Noel. Dr. Gamburg's report of January 8, 1982, stated that the plaintiff had reached maximum medical improvement with no permanent loss of physical function. In his deposition taken prior to trial, Dr. Gamburg restated this impression of the plaintiff's condition as of January 8, 1982, the last time he saw the plaintiff. He stated that the fracture was minimal in terms of severity, and that if the plaintiff had not reached maximum medical improvement by January 8, 1982, he was certainly approaching maximum improvement.
Dr. Laborde examined the plaintiff once, on February 10, 1982. He testified that upon this examination he noted no significant swelling or atrophy in the plaintiff's leg, and that the plaintiff made no complaints of significant pain. Rather, the pain was described to him by the plaintiff as moderate, intermittent pain. Other than the plaintiff's complaints of pain, Dr. Laborde found nothing abnormal in his examination of the leg. In his report issued following the examination, Dr. Laborde expressed no opinion regarding the plaintiff's ability to return to work. However, in his deposition taken prior to trial, he stated that he didn't think the plaintiff was capable of returning to work at the time of the examination. Dr. Laborde recommended an aggressive program of physical therapy, and stated in his report that the plaintiff should have no significant residual impairment and/or disability.
Eugene Noel, the physical therapist who worked with the plaintiff from June 23, 1982 to July 22, 1982, testified by deposition concerning the plaintiff's progress during the program of physical therapy. Noel stated that on the last four visits made by the plaintiff, from July 19 to July 22, the plaintiff was performing very strenuous exercises with his leg with no difficulty and with no complaints of pain. Following the last visit, Noel suggested that the plaintiff go back to the referring physician, Dr. Laborde, to ascertain whether further therapy was recommended, because the plaintiff was functionally able to do anything asked of him in the therapy clinic. Johnson did not follow this suggestion.
In addition to his work with the plaintiff, Noel went to the Louisiana Seed warehouse at the request of counsel for appellants and actually engaged the foot pedals on the forklift formerly operated by the plaintiff. Noel stated that it required very little strength to depress the pedals on the forklift, considerably less than the strength required to operate the leg press used by the plaintiff in Noel's therapy clinic. Noel stated *1389 that during his therapy the plaintiff performed between one hundred and one hundred and fifty repetitions per session on the leg press.
The trial judge relied heavily on the deposition of Dr. Laborde, who stated that he didn't think the plaintiff was capable of returning to work at the time he examined him. The trial judge based his finding of disability at the time of trial on this testimony. In our view, the report of Dr. Laborde and his testimony support a contrary conclusion. In his report, Dr. Laborde stated that the plaintiff would not suffer significant residual physical impairment and/or disability as a result of the injury. This matter was tried over eight months after Dr. Laborde's examination, and over three months subsequent to the plaintiff's successful completion of the vigorous physical therapy program recommended by Dr. Laborde. Under these circumstances, Dr. Laborde's opinion that the plaintiff was unable to return to work on February 10, 1982, is inconclusive with regard to the plaintiff's condition at the time of trial, November 5, 1982.
We find no medical evidence in the record to support the trial judge's conclusion that, at the time of trial, the plaintiff was disabled due to substantial pain. On the contrary, we find that all of the medical testimony in the record indicates that the plaintiff was not disabled at the time of trial.
The plaintiff and other lay witnesses who testified on his behalf all testified that the plaintiff's right leg was constantly swollen and caused him pain every day. We would give this testimony more weight if it corroborated medical testimony showing that the plaintiff was in substantial pain. However, we find that the medical evidence clearly contradicts the lay testimony. While the determination of disability must be made from an examination of the totality of the evidence, including both medical and lay testimony, great weight must be given to uncontradicted medical evidence, almost to the point of exclusion of other evidence. Tantillo v. Liberty Mutual Insurance Company, 315 So.2d 743 (La.1975); Gauthier v. Helmerich & Payne Drilling, 401 So.2d 692 (La.App. 3rd Cir.1981). In the instant case, we find that the medical evidence, all of which indicates that the plaintiff was not disabled on November 5, 1982, is entitled to greater weight than the unsupported lay testimony. The trial judge's finding that the plaintiff was disabled at the time of trial is clearly wrong.
Having concluded that the trial judge was in error, we must next determine the duration of the plaintiff's disability. Viewing the evidence in a light most favorable to the plaintiff, we conclude that the plaintiff's disability did not extend beyond July 22, 1982. We first observe the conflict between the testimony of Dr. Gamburg and Dr. Laborde. Dr. Gamburg felt that the plaintiff was able to return to work as of January 8, 1982. Dr. Laborde felt that the plaintiff was still unable to return to work on February 10, 1982. Giving the plaintiff the benefit of this conflict, we find that his disability extended beyond February 10, 1982.[1] However, we find that upon the plaintiff's completion of the physical therapy program recommended by Dr. Laborde, he was no longer disabled from returning to his former employment. The evidence indicates that at that point, the plaintiff's injury had healed with no significant residual physical impairment and/or disability, as was prognosticated by both Dr. Gamburg and Dr. Laborde. Therefore, we find that plaintiff is entitled to benefits for temporary total disability from the date of the accident until July 22, 1982.

PENALTIES AND ATTORNEY'S FEES
The defendant, Insurance Company of North America, terminated the plaintiff's *1390 benefits on January 8, 1982, the date of the report of Dr. Gamburg stating that the plaintiff had reached maximum medical improvement and was able to return to work. The plaintiff contends that this termination of benefits was arbitrary and capricious, entitling him to an award of penalties and attorney's fees.
An insurer who terminates workmen's compensation benefits shall be liable for penalties and attorney's fees when such termination is arbitrary, capricious, and without probable cause. LSA-R.S. 22:658. When an insurer's decision to terminate benefits is based upon competent medical evidence, the action is not arbitrary and capricious. Carter v. American Mutual Liability Insurance Company, 386 So.2d 1072 (La.App. 3rd Cir.1980); Crawford v. Al Smith Plumbing and Heating Service, Inc., 352 So.2d 669 (La.1977).
If, subsequent to an initial optimistic medical report, an insurer receives medical information showing that the claimant is disabled, the insurer may not avoid penalties for arbitrary nonpayment by blindly relying on the initial report. Walker v. Gaines P. Wilson & Son, Inc., 340 So.2d 985 (La.1976); Carter v. American Mutual Liability Insurance Co., Inc., supra.
In the instant case, we find no error in the trial judge's refusal to assess penalties and attorney's fees against the defendant. The plaintiff's benefits were terminated on January 8, 1982, the date on which Dr. Gamburg found him able to return to his previous employment. The subsequent report of Dr. Laborde on February 10, 1982, does recommend further treatment of the plaintiff in the form of physical therapy, but in our view, this report falls short of establishing that the defendant was disabled at that time. Nowhere in the report does Dr. Laborde express the opinion that the plaintiff was disabled.[2] On the contrary, the reports seems to indicate that the plaintiff was not in substantial pain, and therefore not disabled. Dr. Laborde found no significant reduction in strength, and stated that no significant pain was noted. Under these circumstances, we find nothing arbitrary and capricious in the defendant's decision not to resume payment of disability benefits to the plaintiff.
As mentioned at the outset of this opinion, the trial court judgment condemns defendants to pay to plaintiff workmen's compensation benefits "until plaintiff is no longer disabled under the provisions of the Louisiana Workmans (sic) Compensation Act." The phraseology of this judgment leaves doubt as to whether the trial court intended to award compensation benefits for total and permanent disability under LSA-R.S. 23:1221(2) or whether it intended to award an "open-ended" judgment for temporary disability under LSA-R.S. 23:1221(1). In this connection, we observe that the trial judge, having determined, although as we have found erroneously, that the plaintiff was disabled at time of trial, the proper judgment under such finding would have been for permanent disability. As stated in Husband v. Insurance Company of North America, 284 So.2d 787 (La.App. 4th Cir.1973):
"When a claimant seeking workmen's compensation is disabled at the time of the trial, and the evidence is inconclusive regarding the degree of his recovery, it has been the practice of our courts to apply LSA-R.S. 23:1331 and award compensation for the maximum number of weeks allowed for permanent disability, reserving to the defendant the right to examine the plaintiff and revise the judgment after six months in the event the disability should terminate or lessen.[2]" (footnote omitted)
See also Levine v. Liberty Mutual Insurance Co., 305 So.2d 665 (La.App. 3rd Cir. 1974).
*1391 For purposes of our judgment, we will consider the trial court award to be one for permanent total disability and accordingly, for the reasons heretofore stated, that portion of the judgment of the trial court is reversed and judgment is now rendered in favor of plaintiff finding him entitled to temporary total disability benefits under the provisions of LSA-R.S. 23:1221(1) for the period beginning on July 23, 1981 and ending on July 22, 1982, subject to a credit in favor of the defendant for all compensation benefits previously paid. In all other respects, the judgment of the trial court is affirmed. Plaintiff-appellee is cast for all costs of this appeal.
REVERSED IN PART; AFFIRMED IN PART; AND RENDERED.
DOMENGEAUX, J., dissents and assigns reasons.
DOMENGEAUX, Judge, dissenting in part.
I respectfully suggest that the majority errs seriously in two instances: It projects manifest error on the findings of the trial judge and it disregards the guidelines of Tantillo.
Obviously, the fact trier placed much emphasis on the testimony of Doctor Laborde, whose conclusion concerning plaintiff's disability was bolstered and fortified by strong and substantial lay testimony. It is difficult for me to ignore Doctor Laborde's opinion that the plaintiff was incapable of returning to work at the time he examined him. For the majority to speculate that plaintiff was capable of returning to work at the time of trial, is exactly that,  speculation. This should not be a basis to overturn the trial judge's conclusions.
We should allow the finding of permanent total disability to stand. It is elementary of course, that should plaintiff's condition ultimately improve to a point where he is no longer legally disabled, the defendants can reopen the case after six months.
NOTES
[1] We observe that Dr. Laborde's report of February 10 is somewhat ambiguous. While he opined that the plaintiff was at that time unable to return to work, he found no significant swelling or atrophy in the leg, and stated that plaintiff had no complaints of significant pain.
[2] Dr. Laborde did not express the opinion that the plaintiff was disabled until he was deposed on September 30, 1982.