451 So.2d 109 (1984)
Stephen H. YOUNG, Plaintiff-Appellant,
v.
HERCULES, INC., Defendant-Appellee.
No. 83-642.
Court of Appeal of Louisiana, Third Circuit.
May 16, 1984.
*110 Ryder & Deshotles, Alfred Ray Ryder, Oberlin, for plaintiff-appellant.
Jones, Tete, Nolen, Hanchey, Swift & Spears, Hunter W. Lundy, Lake Charles, for defendant-appellee.
Before CUTRER, STOKER and KNOLL, JJ.
KNOLL, Judge.
Plaintiff, Stephen Young, filed suit against the defendant, Hercules, Incorporated, seeking worker's compensation benefits. The trial court rendered judgment in favor of Hercules, Incorporated. Young brings this appeal, raising the following issues:
(1) Whether the trial court erred in finding that plaintiff had failed to prove that he sustained a disability compensable under the Louisiana Workmen's Compensation Law.
(2) Whether the trial court erred in not finding defendant liable for certain medical and travel expenses incurred by plaintiff in connection with his treatment as a result of the accident of December, 1981.
(3) Whether the trial court erred in not finding defendant liable for attorney's fees and penalties for its failure to pay medical and travel expenses.

FACTS
Young commenced his employment with Hercules in October, 1980 on a temporary basis. On December 18, 1980, Young, who is left-handed, injured his left ring finger while working as a carpenter for Hercules. An eight foot piece of two inch steel pipe was being removed from scaffolding when it fell seven feet striking and fracturing the tip of Young's finger from the outermost joint to the nail. Young immediately reported the accident to the first aid station and was treated by the company doctor, Dr. Boyd Woodward, who placed Young's finger in a splint.
Young convalesced at home for two weeks and received his full salary. He returned to light duty work on December 30, 1980, again receiving his full salary. Dr. Woodward released him to full duty work effective February 2, 1981. Hercules terminated plaintiff's temporary employment on February 13, 1981 because of company policy not to hire persons on a full-time *111 basis who had a relative already employed with the company.
Young's employment with Hercules extended from October 1980 to February 1981. He was then employed from February 1981 to May 1981 as a carpenter for F. Miller & Sons, and then as a carpenter-pile driver for Raymond International from June 1981 to August 1981. On August 4, 1981 Young injured his back and neck while working for Raymond International and has not worked since. He underwent neck surgery in the Fall of 1981. Young has filed a workmen's compensation suit for the injury he received while employed by Raymond International and for which he is receiving workmen's compensation benefits.
On December 11, 1982 Young brought suit against Hercules asking for workmen's compensation benefits. After a trial on the merits, the trial court determined that Young had not suffered a disabling injury and was not entitled to workmen's compensation benefits.

DISABILITY
On appellate review, the trial court's factual findings concerning work-related disability should be accorded great weight and should not be disturbed where the evidence before the trial court supports a reasonable factual basis for its findings, unless clearly wrong. Culp v. Belden Corp., 432 So.2d 847 (La.1983); Johnson v. Insurance Co. of North America, 440 So.2d 1385 (La.App. 3rd Cir.1983); Crump v. Hartford Accident & Indemnity Company, 367 So.2d 300 (La.1979). After a careful review of the record, we find the trial court's decision on disability was correct and supported by a reasonable factual basis.
The plaintiff in a workmen's compensation case bears the burden of proving the nature and extent of his disability by a preponderance of the evidence. Elie v. St. Paul Fire & Marine Ins., Co., 408 So.2d 297 (La.App. 3rd Cir.1981); Johnson, supra.
An employee is not considered disabled within the meaning of the worker's compensation law solely because he suffers some residual pain or discomfort when working. Brisco v. Board of Elementary and Secondary Education, 422 So.2d 667 (La.App. 3rd Cir.1982), writ denied 429 So.2d 154 (La.1983). A worker is totally and permanently disabled only if he works in substantial pain. Lemoine v. Employers Casualty Co., 378 So.2d 594 (La.App. 3rd Cir.1979), writ denied 380 So.2d 101 (La.1980). In order for a worker to be considered disabled due to pain, the pain accompanying routine physical tasks and attempts to return to work must be substantial, serious, intense and/or severe. Culp, supra.
Dr. Woodward, the original treating physician, initially took x-rays which showed Young had suffered a fracture of the ungual tuft of the left ring finger and placed it in a splint. He released Young to light duty work on December 30, 1980 and to full duty on February 2, 1981.
Dr. Earl R. Stagg, an associate of Dr. Woodward, saw Young on two occasions. On January 15, 1981 he diagnosed Young's condition to be a subungual hematoma. He last saw Young on January 23, 1981 and was of the opinion that Young could probably return to normal duties in one more week.
On January 22, 1981 Young consulted Dr. George P. Schneider, an orthopedic surgeon. He saw Young only once. He testified that Young was unable to perform carpentry work on that date, but it was his opinion that he would have released Young to full duty in another four to eight weeks. He further testified that contusing injuries in the proximity of the nail bed can cause secondary changes which later lead to deformity of the nail which could require nail removal. His in-court examination revealed a nail deformity which would require symptomatically treating the nail or removing it surgically. He felt that with a careful trimming of the nail, Young could do carpentry work as of the date of trial.
*112 Dr. Robert Dale Bernauer, another orthopedic specialist, examined and treated Young on November 3, 1981. His examination revealed that the original fracture had healed well, but the crushed finger had developed a deformed split fingernail with a portion of the nail growing to the side. Young's split fingernail was painful, catching on things and it was not attached to the main body of the nail. He did a block to numb his finger and removed the abnormal nail. Finally he cauterized the nail bed with a chemical to try to keep the abnormal nail from growing back and allow the skin of the finger to grow over the normal nail.
Dr. Bernauer's examination of February 16, 1982 revealed an abnormal nail growing out of the finger again. Dr. Bernauer was of the opinion that Young needed the entire nail and the nail bed removed, as well as an amputation of one-half inch of the bone with the skin pulled over the end oblating the nail bed completely. Dr. Bernauer did not expect Young to suffer severe pain. Dr. Bernauer also gave Young an in-court examination.
We find that the pain Young experiences is not substantial nor is it disabling. Young was not disabled when he returned to regular work for Hercules, F. Miller & Sons, and Raymond International. Young did not establish by a preponderance of the evidence that he was suffering substantial disabling pain and is not therefore, entitled to workmen's compensation disability benefits.

MEDICAL AND TRAVEL EXPENSES
Young contends that Hercules is liable for his medical expenses incurred for examination and treatment by Dr. Schneider and Dr. Bernauer.
The right to medical expenses is separate and distinct from the right to compensation. Therefore an employee may recover medical expenses even though there is no recovery for compensation. Butts v. Insurance Co. of North America, 352 So.2d 745 (La.App. 3rd Cir.1977), writ denied 354 So.2d 206 (La.1978).
Young was examined by Dr. Schneider, an orthopedist, on January 22, 1981 who found ecchymosis under the nail as well as sensitivity of the finger to cold; the end of the finger was puffy; the fracture was not healed; and, there were soft tissue changes at the end of the finger. On November 3, 1981 Dr. Bernauer, another orthopedic specialist, found that the crushed finger had developed a deformed nail which resulted in him performing surgery to remove the nail. His examination of Young on February 16, 1982 again revealed an abnormal nail growing out of the finger which will require additional surgery.
The record shows that the medical charges for Young's finger injury while employed by Hercules on December 18, 1981 was $220 for Dr. Schneider and $75 for Dr. Bernauer. The employer, Hercules, has a duty to furnish medical expenses to the injured employee, Young. LSA-R.S. 23:1203. Comeaux v. Cameron Offshore Services, Inc., 420 So.2d 1209 (La.App. 3rd Cir.1982). We therefore award Young medical expenses totaling $295.
Young also contends that he is entitled to travel expenses for round trips from his home in Mittie, Louisiana to Lake Charles of one hundred forty miles for two trips to see Dr. Woodward while he was off work, one trip to see Dr. Schneider and three trips to see Dr. Bernauer, for a total of eight hundred forty miles which were driven in his own vehicle. The employer has a duty to furnish actual travel expenses reasonably and necessarily incurred by the employee for medical treatment. LSA-R.S. 23:1203; McElhaney v. Belden Corp., 376 So.2d 539 (La.App. 3rd Cir. 1979).
Plaintiff sought the medical treatment of Dr. Schneider and Dr. Bernauer because of the finger injury he received while working for Hercules. Accordingly, we award Young travel expenses for medical treatment at the rate of 16¢ per mile for 840 miles for a total of $134.40. See McElhaney, supra.
*113 We therefore, find that the trial court erred in denying recovery to Young for medical and travel expenses. Further, even though medical expenses should not be included in an award for workmen's compensation benefits, the right to claim medical and travel expenses is reserved to Young and need not specifically be reserved in the judgment. Milligan v. Bayou Vista Manor, Inc., 355 So.2d 569 (La. App. 3rd Cir.1978); Deshotels v. Fidelity & Casualty Company of New York, 324 So.2d 895 (La.App. 3rd Cir.1975), writ denied 328 So.2d 376 (La.1976).

ATTORNEY'S FEES
Young contends that Hercules is liable for penalties and attorney's fees provided by LSA-R.S. 23:1201.2 for arbitrarily and capriciously failing to pay the medical and travel expenses. Young was paid full wages for the work he missed and for the light duty work he performed for one month. He was then discharged and released by Dr. Woodward to return to full duties as a carpenter. He worked as a carpenter until he suffered another work related accident on August 4, 1981 while employed by Raymond International, and is receiving worker's compensation benefits. We find that Hercules was not arbitrary and capricious. Hercules relied upon the advice of the treating physician, Dr. Woodward, that Young could return to work. Addison v. Neeb Kearney & Company, 252 So.2d 471 (La.App. 4th Cir.1971); Kirkley v. DSI Transports, Inc., 416 So.2d 584 (La.App. 1st Cir.1982). We therefore, affirm the trial court's decision denying penalties and attorney's fees.
For the foregoing reasons we affirm the trial court's decision in part, reverse in part and render. Judgment is hereby recast as follows:
1. In favor of Hercules, Incorporated and against Stephen H. Young denying weekly worker's compensation benefits for failing to establish a compensible disability.
2. In favor of Stephen H. Young and against Hercules, Incorporated awarding medical expenses for Dr. Schneider in the sum of $220 and Dr. Bernauer in the sum of $75 as well as medical travel expenses to Stephen H. Young in the sum of $134.40.
3. In favor of Hercules, Incorporated and against Stephen H. Young denying his claim for penalties and attorney's fees.
4. All costs of the trial court and the court of appeal are assessed to Hercules, Incorporated.
AFFIRMED IN PART; REVERSED IN PART; AND RENDERED.