PONDER, Judge.
Plaintiff-employee appealed from the judgment denying his claim for workmen’s *1294 compensation benefits plus penalties and attorney’s fees.
The issues are (1) whether appellant established a prima facie claim of total and permanent disability under La.R.S. 23:1221(2), (2) whether the “odd lot” doctrine is applicable and (3) whether appellee acted arbitrarily and capriciously when it terminated appellant’s workmen’s compensation benefits.
We affirm.
Appellant was employed at Louisiana State University (L.S.U.) in the Grounds Department. His duties consisted of mowing, weeding, trimming shrubbery and other general grounds maintenance. Appellant was spraying ant and weed poison from a tank that was fastened to his back. The tank was defective and the liquid mixture leaked onto appellant’s clothing and down his lower back and legs. An irritating rash and welts developed on appellant’s body. He was treated twice at the L.S.U. infirmary for plant dermatitis. On the second visit, appellant was advised to seek treatment from his family physician, who later referred appellant to a dermatologist. The dermatologist treated appellant forty-five times between August 22, 1978 and January 18, 1982. Appellant’s condition was diagnosed as a latent atopic dermatitis, most likely activated by the chemical contact.
L.S.U. paid weekly compensation benefits to appellant through October 23, 1978. On October 30, 1978, the dermatologist notified L.S.U.’s workmen’s compensation insurer, Underwriters Adjusting Company, that petitioner had no permanent disability and could resume work as of October 23. At this time, appellee terminated the weekly compensation benefits.
The trial court found that appellant did not have any disability that was subject to compensation.
Plaintiff’s first argument is that the trial court erred when it ruled that appellant had not established a prima facie claim of total and permanent disability under La. R.S. 23:1221(2). In workmen’s compensation cases, the plaintiff bears the burden of proving his case by a preponderance of the evidence as in other civil cases. Smith v. Louisiana Mud Company, Inc., 398 So.2d 621 (La.App. 1st Cir.1981). The plaintiff must prove that the employment caused the accident, the accident caused the injury and the injury caused the disability.[1]
Appellant sustained a chemical burn while employed and the chemical contact activated a latent atopic dermatitis condition. A worker’s pre-existing condition does not bar his recovery under the Louisiana Workmen’s Compensation statute. Robichaux v. Terrebonne Parish School Board, 426 So.2d 241 (La.App. 1st Cir.1983). The essential question is whether appellant has proved that the injury he sustained has rendered him disabled.
Appellant testified that a rash remains on his body and that it flares up when he engages in outdoor work because of the heat, causing him to be very uncomfortable. Appellant further testified that he was capable of performing his duties at his former employment at L.S.U.; that since his employment at L.S.U., he has worked seven or eight days for the Port Commission unloading ships; that he has been helping his wife operate a tavern, with his tavern work consisting of serving patrons, mixing drinks, icing beer and mopping the floors. In addition, appellant applied for employment with Brown & Root as an operator and with Firestone as an electrician’s helper.
The expert testimony established that appellant’s condition was ninety-five percent improved and that appellant could resume his work as a laborer. The flare-ups of rash may have been caused by appellant’s failure to tise the prescribed medications.
Appellant’s next contention is that he has established that he is permanently disabled by application of the “odd lot” doctrine and that the trial court erred in ruling that the “odd-lot” doctrine applies only when the *1295 claimant has a physical impairment. The Supreme Court in Oster v. Wetzel Printing, Inc., 390 So.2d 1318 (La.1980) enunciated the burden of proof that a claimant must sustain in order to be classified in the “odd lot” category:
“[H]e must show that because of his physical impairment, mental capacity, education, training, age, availability of employment in his area, and any other relevant factor, that he ‘cannot perform the substantial and material parts of some gainful work or occupation with reasonable continuity.’ ”
We find no manifest error in the trial court’s conclusion that appellant is not disabled under La.R.S. 23:1221(2)[2] or the “odd lot” doctrine. Although appellant testified that he was uncomfortable when he engaged in outdoor work, “[a] claimant is not disabled solely if he experiences some residual pain and discomfort upon attempting to work. In order for a claimant to be considered disabled due to pain, the pain accompanying routine physical tasks and attempts to return to work must be substantial, serious,' intense and/or severe.” Johnson v. Insurance Co. of North America, 440 So.2d 1385 (La.App. 3rd Cir.1983).
Furthermore, appellant has failed to sustain his burden of proof under the “odd lot” doctrine. Appellant has not established that his physical condition, along with his mental capacity, education, training, age or other factors, places him at a substantial disadvantage in the competitive labor market. The trial court was correct in concluding that the “odd lot” doctrine applies only when the claimant has a physical impairment. The injury or physical condition must be at least partially responsible for the limitations placed on the claimant. The court in Cottonham v. Rockwood Insurance Company of Rockwood, Pennsylvania, 403 So.2d 773, 776 (La.App. 3rd Cir.1981), writ denied 407 So.2d 732 (La.1981), stated that under the “odd lot” doctrine, “a claimant is considered totally disabled if his injury makes him an ‘odd lot’ in the labor market_” (Emphasis added.)
Appellant’s last argument is that appellee was arbitrary and capricious when it terminated appellant’s workmen’s compensation benefits and is therefore liable for penalties and attorney’s fees. The evidence presented to the trial court established that appellant has not been disabled since October 23, 1978. Compensation benefits were paid to appellant until this date. Accordingly, there is no basis for appellant’s contention that penalties and attorney’s fees are due in the present case.
For the above reasons, the decision of the trial court is affirmed and all costs are assessed against appellant.
AFFIRMED.

. Guillory v. United States Fidelity & Guaranty Insurance Company, 420 So.2d 119 (La.1982).

. We are applying La.R.S. 23:1221(2), as amended by Acts 1975, No. 583, the effective provision at the time of the accident.