644 So.2d 244 (1994)
Lillian RIDLEN
v.
ST. CHARLES MANOR NURSING CENTER, INC.
No. 94-CA-275.
Court of Appeal of Louisiana, Fifth Circuit.
October 12, 1994.
Rehearing Denied November 17, 1994.
*245 Robert R. Faucheux, Jr., Law Offices of Robert R. Faucheux, Jr., A Professional Law Corp., LaPlace, for plaintiff-appellant.
Charles M. Lanier, Jr., Christovich & Kearney, L.L.P., New Orleans, for defendant-appellee.
Before KLIEBERT, C.J., and BOWES and CANNELLA, JJ.
KLIEBERT, Chief Judge.
Plaintiff appeals a judgment in a worker's compensation case. For the reasons hereinafter stated, we affirm.
On October 11, 1989, Lillian Ridlen, plaintiff, a licensed practical nurse, was injured while trying to restrain a patient at St. Charles Manor Nursing Center, Inc. Defendant paid plaintiff weekly compensation benefits after the accident until March 19, 1990. Plaintiff filed suit seeking further benefits and the trial was held on October 8, 1992. The hearing officer who heard the evidence at trial took the matter under advisement. Prior to rendering his decision, the hearing officer left the bench and his successor reviewed the trial transcript, depositions, and the exhibits introduced into evidence. The successor hearing officer rendered judgment, with written reasons, awarding plaintiff temporary total disability benefits from October 11, 1989 until May 19, 1990 and denied plaintiff's request for penalties and attorney's fees.
Plaintiff appeals the judgment and argues that the hearing officer erred in finding that the plaintiff was capable of returning to work on May 19, 1990 and in not awarding benefits beyond that date.
Defendant has answered the appeal and argues that the temporary total disability benefits should have been terminated on March 19, 1990.
Plaintiff contends that the hearing officer who rendered the judgment based on his review of the record should have held an additional hearing to hear and view the witnesses who testified rather than decide the case solely on the record. We find no merit in this argument. A successor judge shall decide a case from the evidence in the record, if all of the testimony is in writing. LSA-R.S. 13:4209; Polozola v. Garlock, Inc., 376 So.2d 1009 (La.App. 1st Cir.1979). In this case, all testimony at the hearing was transcribed and the trial transcript, together with the depositions submitted, were available to and reviewed by the hearing officer who rendered the judgment.
*246 On appellate review, the trial court's factual findings concerning work-related disability are accorded great weight and should not be disturbed where the evidence supports a reasonable factual basis for the trial court's findings, unless clearly wrong. The plaintiff in a worker's compensation claim has the burden to prove an injury and resulting disability. Harris v. Board of Supervisors, Louisiana State University, 451 So.2d 1293 (La.App. 1st Cir. 1984).
In this case, the evidence presented at the hearing consisted of the medical records and reports; live testimony of the plaintiff, plaintiff's husband and sister, and Dr. V.J. Zeringue; and the deposition testimony of Dr. John Schuhmacher and Dr. David Aiken, Jr.
Following the accident, plaintiff was treated at the emergency room of St. Charles Hospital. Plaintiff then began treatment with Dr. Richard Palmer, a neurologist, on October 16, 1989. Diagnostic studies ordered by Dr. Palmer, including a lumbar MRI scan and a MRI scan of the head conducted on November 8, 1989 were normal. When plaintiff continued to complain of pain in her neck and back, Dr. Palmer referred her to Dr. John Schuhmacher, a neurosurgeon.
Dr. Schuhmacher examined the plaintiff on January 31, 1990 and found no objective signs to support plaintiff's complaints. He ordered an MRI of the cervical spine which was conducted on February 3, 1990. This test revealed a minimal bulge and degenerative changes at C6-7, which findings were insignificant, in Dr. Schuhmacher's opinion. The MRI of the cervical spine did show the previous fusion of plaintiff's cervical spine at C4-C6 performed by Dr. Schuhmacher prior to the accident. Dr. Schuhmacher referred plaintiff back to Dr. Palmer.
Plaintiff returned to see Dr. Palmer on February 13, 1990. Dr. Palmer's physical examination of plaintiff on that date was basically normal. Plaintiff failed to keep her appointment with Dr. Palmer on March 9, 1990 and did not return to Dr. Palmer again.
Defendant sent plaintiff to see Dr. David Aiken, Jr., an orthopedic surgeon, who examined plaintiff on March 27, 1990. Dr. Aiken found no objective abnormalities which would support plaintiff's complaints. After reviewing the lumbar MRI of November 9, 1989, the cervical MRI of February 3, 1990, and X-rays taken on October 11, 1989, Dr. Aiken stated that there was no further need for medical treatment and that plaintiff could return to full work as of March 27, 1990.
On May 25, 1990, plaintiff began treatment with Dr. V.J. Zeringue, an orthopedist. Dr. Zeringue treated plaintiff from May 25, 1990 until September 23, 1992. Dr. Zeringue's treatment of plaintiff's complaints consisted of conservative treatment. Dr. Zeringue related plaintiff's back problems to the accident of October 11, 1989. Although Dr. Zeringue testified that plaintiff was unable to return to work, he also testified that there were certain LPN jobs which plaintiff could perform. Plaintiff's counsel stipulated to this fact. Dr. Zeringue felt that additional diagnostic studies should have been performed on plaintiff to further evaluate plaintiff's condition before she returned to work. However, these tests were performed and were essentially normal.
Plaintiff was referred to Dr. Thomas J. Hannie, Jr., a clinical psychologist, for a psychological evaluation on April 23, 1992. In Dr. Hannie's opinion, plaintiff was diagnosed as having a conversion reaction and, in his further opinion, it was likely that plaintiff exaggerated her complaints.
Proof of a disability based on a claimant's subjective complaints, where there are no objection substantiating findings, depends largely upon the court's evaluation of the claimant's credibility. Jacob's v. Pik-Quick, Inc., 454 So.2d 303 (La.App. 4th Cir.1984). Plaintiff's credibility, and her exaggeration of her complaints, was questioned by Dr. Aiken, Dr. Schuhmacher, and Dr. Thomas Hannie, Jr.
Our review of all of the testimony and documentary evidence in the record convinces us that a reasonable factual basis exists for the hearing officer's conclusion that plaintiff has failed to satisfy her burden of proof on the issue of her disability. We therefore agree with the hearing officer's decision on the disability determination.
*247 Plaintiff also argues that the hearing officer erred in not awarding the medical expenses incurred after May 19, 1990. The employer has a duty to furnish medical expenses to the injured employee. LSA-R.S. 23:1203. The right to medical expenses is separate and distinct from the right to compensation. Therefore, an employee may recover medical expenses even though there is no recovery for compensation. Young v. Hercules, 451 So.2d 109 (La.App. 3rd Cir. 1984). Butts v. Insurance Co. of North America, 352 So.2d 745 (La.App. 3rd Cir. 1977), writ denied 354 So.2d 206 (La.1978). Medical expenses are owed only if the injury is work-related. Broussard v. Grey Wolf Drilling Co., 562 So.2d 1006 (La.App. 3rd Cir.1990).
Dr. Aiken and Dr. Schuhmacher testified that no additional medical treatment was necessary as a result of the October 11, 1989 incident as of March, 1990. Dr. Zeringue's treatment of plaintiff from May, 1990 until September 23, 1992 involved treatment for injuries which were not related to the accident of October 11, 1989. The only injury which Dr. Zeringue related to the accident of October 11, 1989 was plaintiff's persistent back pain and her back condition. We are convinced that the record supports the hearing officer's decision to limit compensation benefits and medical expenses to the period of October 11, 1989 until May 19, 1990. In reaching this conclusion, we also reject defendant's answer to the plaintiff's appeal.
For the foregoing reasons, we affirm the trial court's decision. All costs of this appeal are assessed to plaintiff.
AFFIRMED.