701 So.2d 680 (1997)
Tammy SMITH, Plaintiff-Appellee,
v.
MARTIN MILLS, INC., Defendant-Appellant.
No. 97-11.
Court of Appeal of Louisiana, Third Circuit.
May 21, 1997.
Writ Denied October 3, 1997.
*681 Russell Karl Zaunbrecher, Crowley, for Tammy Smith.
Samuel Robert Aucoin, Lafayette, for Martin Mills, Inc.
Before THIBODEAUX and DECUIR, JJ., and BABINEAUX[*], J. Pro Tem.
THIBODEAUX, Judge.
Tammy Smith filed a claim with the Office of Workers' Compensation after her employer, Martin Mills, Inc., denied her benefits. The hearing officer found that Ms. Smith sustained a work-related carpal tunnel syndrome and, as a result, has been totally and temporarily disabled. The hearing officer further held that Ms. Smith is entitled to all medical treatment prescribed by her physicians, and that Martin Mills, Inc. acted arbitrarily and capriciously in refusing to accept claimant's claim as compensable. Martin Mills, Inc. appeals the judgment of the Office of Workers' Compensation.
We affirm the claimant's entitlement to medical benefits for the treatment of her carpal tunnel syndrome, and we reverse the judgment granting her disability benefits and penalties and attorney's fees.

I.

ISSUES
The issues presented for review in this appeal are whether the hearing officer was manifestly erroneous in finding (1) that Ms. Smith proved the existence of a work-related carpal tunnel syndrome; (2) that Ms. Smith was totally and temporarily disabled; (3) that Ms. Smith is entitled to medical expenses; and (4) that Martin Mills, Inc. acted arbitrarily and capriciously in refusing to accept the claimant's claim as compensable.

II.

FACTS
On April 22, 1995, Tammy Smith, an employee of Martin Mills, Inc. (Martin), felt a pull in her neck as she lifted a bundle of material to be sewn. She did not report the incident that day, nor did she mention it to her co-workers. Ms. Smith continued to work until the end of her shift. Later that day, she told her husband and mother that she was experiencing pain in the left side of her chest and pain and numbness in her left *682 arm. Ms. Smith first saw a doctor about the pain the morning of April 24, 1995.
Dr. Ronald Menard was the first of several doctors Ms. Smith consulted after the April 22, 1995 incident. Dr. Menard, a general practitioner and claimant's family physician, saw Ms. Smith on four separate occasions for her complaints. The date of her first visit was April 24, 1995. After the fourth visit, Dr. Menard determined that Ms. Smith had no objective physical problems and further stated he had no additional treatment to offer her.
Ms. Smith next saw Dr. John Sabatier, a general internist, on May 2, 1995. It was his opinion that Ms. Smith was not suffering from any abnormal objective symptoms. Based on Ms. Smith's subjective complaints, Dr. Sabatier diagnosed her with muscle strain secondary to nerve root irritation.
Dr. Menard referred Ms. Smith to Dr. John Budden, an orthopedic surgeon, whom she saw on May 10, 1995. At that visit, Ms. Smith complained of pain in the left side of her neck and upper extremity as well as pain and numbness in her left hand. Her CT scan and MRI tests did not show any objective signs of injury. During his deposition, Dr. Budden stated that in spite of the normal test results, it was his opinion that Ms. Smith suffered from carpal tunnel syndrome affecting the left upper extremity; this conclusion was based largely on Ms. Smith's subjective complaints of numbness and upper extremity pain. Moreover, he testified that her work as a seamstress was the underlying cause of the carpal tunnel syndrome, with the lifting incident of April 22, 1995 being the final blow. He did not indicate, however, that Ms. Smith was totally disabled.
At the request of Martin, Ms. Smith saw Dr. Clifton Shepherd, an orthopedist. In his report, he stated that he could not find anything wrong with Ms. Smith after reviewing her X-rays and CT scan. He recommended termination of treatment and a return to unrestricted activities. Furthermore, he indicated that Ms. Smith's complaints were not job-related.
On September 15, 1995, Ms. Smith saw Dr. Robert Franklin, a physiatrist, on a referral from Dr. Budden. The diagnostic studies he conducted on Ms. Smith produced normal results. Nevertheless, it is his opinion that Ms. Smith suffers from carpal tunnel syndrome. Pursuant to his diagnosis of her condition, Dr. Franklin disabled Ms. Smith from her job as a seamstress stating that the repetitive nature of her job could aggravate the symptoms. He found, however, that Ms. Smith was able to perform other job-related duties.
On November 28, 1995, Ms. Smith saw Dr. Clark Gunderson, an orthopedic surgeon. After examining the claimant, Dr. Gunderson concluded that she did not suffer from carpal tunnel syndrome. Dr. Gunderson recommended that Dr. James Domingue perform some testing on Ms. Smith. The results of the tests were normal, i.e., no signs of carpal tunnel syndrome.
After a hearing before the Office of Workers' Compensation, the hearing officer found that Ms. Smith suffered from carpal tunnel syndrome and that she is entitled to temporary total disability benefits of $213.00 per week until she has reached maximum medical improvement as determined by Dr. Budden. The hearing officer assessed a 12% penalty on the unpaid indemnity benefits and attorney's fees of $3,500.00. Additionally, defendants were ordered to pay all of Ms. Smith's medical expenses related to the April 22, 1995 work accident.

III.

LAW AND ARGUMENT
Appellant argues that the hearing officer's findings and conclusions are manifestly erroneous and urges this court to accordingly reverse the judgment. We will review this appeal abiding by the routinely applied manifest error standard of review. Addressing this standard of review, our supreme court in Rosell v. ESCO, 549 So.2d 840, 844 (La.1989), stated,
a court of appeal may not set aside a trial court's or a jury's finding in the absence of "manifest error" or unless it is "clearly wrong," and where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact *683 should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. (citations omitted).
Unless we find the hearing officer's judgment unsupported by the record, we shall affirm.
The burden of proving by a preponderance of the evidence that a work-related accident occurred rests with the claimant-employee. Frelow v. Mills, 94-799 (La.App. 3 Cir. 12/7/94); 647 So.2d 475, writ denied, 95-0065 (La.3/10/95); 650 So.2d 1180. Martin first argues that the hearing officer erred in finding that Ms. Smith met the burden of proving by a preponderance that a work-related incident caused her carpal tunnel syndrome. The primary factor for the hearing officer's finding that Ms. Smith had been injured on the job was the abundance of lay and medical testimony that the claimant was in good health before April 22, 1995. It is well-settled that,
[a] claimant's disability is presumed to have resulted from an accident, if before the accident the injured person was in good health, but commencing with the accident the symptoms of the disabling condition appear and continuously manifest themselves afterwards, providing the medical evidence shows there to be a reasonable possibility of causal connection between the accident and the disabling condition.
Lucas v. Ins. Co. of North America, 342 So.2d 591 (La.1977). (citation omitted). In addition to Ms. Smith's good health prior to April 22, 1995, the hearing officer seemingly relied heavily on the opinions of Ms. Smith's two treating physicians, Drs. Budden and Franklin.
Both Dr. Budden and Dr. Franklin indicated that the carpal tunnel syndrome was work-related. Martin suggests that the hearing officer was erroneous in giving such weight to these doctors' opinions when no other doctors found anything wrong with Ms. Smith. We find that the hearing officer acted well within the bounds of her discretion in deciding this issue. A hearing officer is afforded much discretion in evaluating expert testimony and where the testimony of experts differ, it is his or her responsibility to determine which evidence is more credible. Lirette v. State Farm Ins. Co., 563 So.2d 850 (La.1990). Moreover, we note that the opinion/diagnosis of a treating physician is given more weight than that of a physician consulted for the purpose of litigation only. Hall v. McDonald Insulation, 537 So.2d 328 (La. App. 1 Cir.1988). Based on the facts and testimonies in this case, we find that the hearing officer's conclusion that Ms. Smith suffered a work-related injury is supported by the record and not manifestly erroneous.
Appellant next argues that claimant did not prove by clear and convincing evidence that she was temporarily and totally disabled as required by La.R.S. 23:1221(1)(c). That statute states in pertinent part,
[w]henever the employee is not engaged in any employment or self-employment ... compensation for temporary total disability shall be awarded only if the employee proves by clear and convincing evidence unaided by any presumption of disability, that the employee is physically unable to engage in any employment or self-employment....
The hearing officer based her finding that Ms. Smith reached this burden and is therefore entitled to receive temporary total disability benefits on the deposition testimonies of Drs. Budden and Franklin. Our review of these depositions leads to a different conclusion, however.
When asked whether he believed Ms. Smith had been totally disabled from performing any type of work since the onset of her problems, Dr. Budden clearly stated that he did not. Although Dr. Franklin disabled Ms. Smith from her seamstress duties, he did not express the opinion that she was unable to perform certain other duties. He replied the following when asked to opine on Ms. Smith's movement capabilities: "[t]his lady is functional. This is not to say this lady could not perform some light to sedentary-type duty position." In light of the professional medical opinions of Drs. Budden and Franklin regarding Ms. Smith's ability to perform certain tasks, as well as the similar opinions of the numerous other doctors Ms. *684 Smith saw, we conclude that the hearing officer was manifestly erroneous in finding that Ms. Smith proved that she was temporarily totally disabled by clear and convincing evidence.
Appellant further asserts that the hearing officer erred in finding Ms. Smith entitled to medical benefits. In support of its argument, Martin selectively interprets Lastrapes v. Martin Mills/Farley Industries, 94-1394 (La.App. 3 Cir. 5/3/95); 657 So.2d 185 to mean that absent objective evidence of the injury for which compensation is sought, a claim for medical treatment compensation cannot stand. Actually, Lastrapes does not stand for this proposition. Read in its entirety, that case sets forth that the threshold requirement for entitlement to medical benefits is a showing that "they are related to the work accident to a reasonable certainty and by a preponderance of the evidence." Id. at 186. Martin also refers to Fusilier v. Slick Const. Co., 94-11 (La.App. 3 Cir. 6/1/94); 640 So.2d 788. In Fusilier, this court denied medical benefits because the injury suffered by claimant was neither work-related nor disabling. Id. The lack of objective evidence merely strengthened our position; it was not the decisive factor for the denial.
In this case, it was the opinions of Dr. Budden, Dr. Gunderson, and Dr. Sabatier that the source of Ms. Smith's pain was the repetitive movements required by her work. In spite of no objective signs of carpal tunnel syndrome, Dr. Budden and Dr. Franklin specifically stated that Ms. Smith suffers from the condition and prescribed treatment pursuant to their diagnoses. Both doctors testified that tests for carpal tunnel syndrome will not reflect objective signs of carpal tunnel syndrome in four to six percent of the people tested, although those people can in fact suffer from the condition. In light of these testimonies, we find that the hearing officer reasonably concluded that Ms. Smith is owed medical expenses for the treatment of her work-relateds carpal tunnel syndrome. A claim for medical benefits stands independently of a claim for workers' compensation benefits. Young v. Hercules, Inc., 451 So.2d 109 (La.App. 3 Cir.1984). Thus, although Ms. Smith is not entitled to disability benefits, she is entitled to receive medical compensation as she has proven by a preponderance that she suffered a work-related injury.
Finally, appellant urges that the hearing officer's finding that it was arbitrary and capricious in handling Ms. Smith's claim is manifestly erroneous. In her written reasons for judgment, the hearing officer stated that Martin was wrong to deny benefits to Ms. Smith when it had been presented with the opinions of Drs. Budden and Franklin. She further referred to Ms. Smith's complaints of pain. As discussed supra, Drs. Budden and Franklin did not definitively and totally disable Ms. Smith. Moreover, Dr. Budden did not reach the conclusion that Ms. Smith suffered from carpal tunnel syndrome until the day of his deposition, February 14, 1996. It is well-settled that when a reasonable basis for denial of benefits exists, the employer cannot be arbitrary and capricious. Terro v. WMCO, Inc., 619 So.2d 639 (La.App. 3 Cir.1993). Martin was not unreasonable in denying benefits to Ms. Smith since, according to the information presented to it, there was no viable workers' compensation claim.

IV.

CONCLUSION
For the foregoing reasons, the judgment of the Office of Workers' Compensation granting medical benefits for the treatment of carpal tunnel syndrome is affirmed. In all other respects, it is reversed.
All costs shall be shared equally by each party.
AFFIRMED IN PART AND REVERSED IN PART AND RENDERED.
NOTES
[*] Honorable Allen M. Babineaux, Retired, participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.